ELEANOR M. PARKER *vs.* MIDDLESEX AND BOSTON STREET
RAILWAY COMPANY.

Middlesex.   December 2, 1920. — January 11, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway.   *Snow and Ice.*

At the trial of an action against a street railway company by a woman passenger
for personal injuries caused by her falling upon ice and snow upon the left front
step of a car of the defendant upon which she was a passenger and from which
she was alighting at a terminus of the railway on a morning in December, 1914,
there was evidence tending to show that on the morning of the accident there
had been a mixture of sleet and rain falling, that when the car reached the
terminus the left hand front door was open, that the car was fairly well filled
and that many of the passengers in the presence of the motorman departed by
that door, which was near the sidewalk, that the step was covered with ice from
a quarter to half an inch thick and very solid, higher in the centre and rounded
toward the front, that the plaintiff, on account of the presence of people in front
of her, did not know of the ice on the step before she started to go out and that
the motorman had sanded the right hand front step but not the left hand step
where the plaintiff fell.   The defendant contended that the left hand door
was not intended for use as an exit at that time.   The motorman testified
that he did not know who opened the left hand front door.   There were two
pails of sand on the front platform.   *Held,* that

(1) There was evidence warranting a finding that the defendant had not
taken the care for the plaintiff's safety required of a common carrier of pas-
sengers;

(2) A finding that the plaintiff was in the exercise of due care was warranted.

TORT for personal injuries caused by the plaintiff slipping on
an icy step as she was leaving a street car of the defendant on
December 8, 1914.   Writ dated July 3, 1915.

The action was tried in the Superior Court before *Aiken,* C. J.
Material evidence is described in the opinion.   At the close of the
evidence, the defendant moved that a verdict be ordered in its
favor.   The motion was denied.   The jury found for the plaintiff
in the sum of $4,585; and, at the request of the defendant, the
Chief Justice reported the case for determination by this court,
judgment to be entered for the defendant if the denial of the
defendant's motion was wrong; otherwise, judgment to be entered
on the verdict.

*C. S. Walkup, Jr.,* for the defendant.

*F. J. Daggett, (J. T. Cassidy* with him,) for the plaintiff.

CARROLL, J. The plaintiff recovered damages for personal injuries sustained by slipping upon ice and snow on the step of an electric car while alighting therefrom. She was injured on December 8, 1914, about eight o'clock in the morning. The car left the barn about seven o'clock in the morning and went to Newton Corner. It then proceeded to Waltham where the plaintiff became a passenger, and at Waverley, at the end of the route, she was injured. It rained during the night of December 7. On the morning of December 8 "there was a mixture of sleet and rain . . . turning into light snow from 7.45 A.M. to 11.15 A.M."

There was evidence that when the car reached the terminus the door on the front end of the car on the left hand side was open, and that this side of the car was near the sidewalk; that "the car was fairly well filled and she went with the rest of the people to the front of the car and stepped into the vestibule and turned for the step that goes down on to the street, . . . that the step was covered with ice and was higher in the centre, so it rounded toward the front like a toboggan;" that "her feet slipped out from under her and she fell on the end of her spine; . . . that she did not know there was ice on the step before she started to go out; that there were people in front of her and she could not see the ice." There was evidence that the ice was from a quarter to half an inch thick, covering all the step and "was very solid" and that there was no sand on the left front step. The defendant contended that when the car reached the end of the route the usual exit for passengers was from the right hand side of the car, that the left hand door was not intended for such use at that time, and there was no invitation, expressed or implied, for passengers to leave by this door. The motorman testified he did not know who opened this door; that before reaching Waverley he sanded the platform and right hand step and opened the door on that side.

Even if the door by which the plaintiff left the car was not opened by the defendant's employee, the jury could have found that many if not all the passengers departed by this door; that this was done in the presence of the motorman and that no direction or warning against its use was given by the defendant's

agents. If it was dangerous to leave the car on this side and no notice was given to the passengers not to do so, it was for the jury to decide under the facts in evidence, whether reasonable care for their safety had been used by the carrier. *McKimble* v. *Boston & Maine Railroad,* 139 Mass. 542; *S. C.* 141 Mass. 463.

There were two pails of sand on the front platform. The motorman testified that he had sprinkled sand on the platform and the steps on the right of the car, and there was ample opportunity before the plaintiff was injured, to have sprinkled the sand on the left hand side. On this evidence the jury could have found that the defendant in the exercise of proper care should have protected the step where the plaintiff fell from being slippery; and they were warranted in finding that in not remedying the condition, the defendant was negligent. *Gilman* v. *Boston & Maine Railroad,* 168 Mass. 454. *Foster* v. *Old Colony Street Railway,* 182 Mass. 378. Without reference to the St. 1914, c. 553, the plaintiff's due care was submitted properly to the jury. *Frost* v. *McCarthy,* 200 Mass. 445. According to the report judgment is to be entered for the plaintiff in the amount of the verdict "with interest from October 21, 1919, and costs."

*So ordered.*