ELIZABETH M. BAGNELL *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.   November 15, 1923. — January 3, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway: ice on car step; Contributory. *Snow and Ice. Evidence,* Presumptions and burden of proof.

At the trial of an action against a street railway company for personal injuries alleged to have been received by a woman when she slipped on ice upon a step of a street car as she was leaving the car, there was evidence tending to show the following facts: The plaintiff boarded the car at a car barn in the afternoon.   The lower step of the car was a folding step, the second step was stationary, and the third "was on to the platform of the car." She then noticed that ice was "frozen to the step, and irregular, lumpy " on the stationary step.   During the day it had been snowing, sleeting and raining.   The plaintiff remained on the car about fifteen minutes and, arriving at her destination, started to step down when she slipped on the stationary step and was injured.   The ice on the step was described by various witnesses as " thin in some places and thicker in other places . . . frozen to the step . . . hardened ice . . . about half an inch thick in some places, and not quite so thick in others." *Held,* that

(1) A finding was warranted that the step was unsafe, that the defendant could have known of its condition and remedied it, and that, therefore, the defendant was negligent;

(2) The question of the plaintiff's due care was for the jury.

At the trial of an action for personal injuries, it is proper to instruct the jury that under the terms of G. L. c. 231, § 85, the plaintiff " starts with the presumption that she was in the exercise of due care; " but it is error further to instruct the jury that " the presumption remains with " the plaintiff when evidence is introduced by the defendant bearing on the question; and, where such instructions were given at a trial where the defendant rested at the close of the plaintiff's evidence and it appeared that there was evidence from the plaintiff and one of her witnesses showing facts bearing on the question of due care, the erroneous instruction was harmful and an exception thereto was sustained.

The presumption raised by G. L. c. 231, § 85, in favor of the plaintiff in an action to recover for injuries to the person or property or for causing the death of a person, stands only until evidence tending to show the facts relating to such due care is introduced, and, when such evidence is introduced, the issue of due care is to be determined upon evidence alone without reference to the presumption.

Tort for personal injuries alleged to have been received when the plaintiff was alighting from a street car operated by the defendant on January 28, 1920. Writ dated February 4, 1921.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence, instructions by the trial judge, and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $3,000. The defendant alleged exceptions.

*F. J. Carney,* for the defendant.

*F. J. Daggett,* (*C. D. Driscoll* with him,) for the plaintiff.

Carroll, J. The plaintiff was injured when alighting from one of the defendant's cars, by slipping on ice which had formed on the step. She testified that on the afternoon of January 28, 1920, she boarded the car at the car barn in Medford; that the lower step of the car was a folding step, the second was stationary, and the third " was on to the platform of the car; " that she noticed there was ice " frozen to the step, and irregular, lumpy " on the stationary step; that during the day it had been snowing, sleeting and raining; that she remained in the car about fifteen minutes; that on arriving at her destination she started to step down and slipped on the stationary step. There was additional evidence tending to show that there was ice on this step. It was described by one witness as " thin in some places and thicker in other places. It was frozen to the step;"

and by another witness as " hardened ice, . . . about half an inch thick in some places, and not quite so thick in others."

The question of the defendant's negligence was properly submitted to the jury. There was evidence that the ice had formed on the step when the plaintiff became a passenger; that it was hard, and was in this condition when the car left the car barn. The jury were warranted in finding that the step was unsafe, and that the defendant could have known of its condition and remedied it. *Gilman* v. *Boston & Maine Railroad*, 168 Mass. 454. *Foster* v. *Old Colony Street Railway*, 182 Mass. 378. *Parker* v. *Middlesex & Boston Street Railway*, 237 Mass. 291.

In *Labrie* v. *Donham*, 243 Mass. 584, there was nothing to show that, if any ice were on the step, how long it had been there. *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52, *Lyons* v. *Boston Elevated Railway*, 204 Mass. 227, and *Hotenbrink* v. *Boston Elevated Railway*, 211 Mass. 77, relied on by the defendant, are not applicable. In the case at bar the ice was upon the step before the car started on its journey. The defendant in the exercise of reasonable care should have discovered it and taken proper precautions to make the car safe.

The due care of the plaintiff was for the jury to decide. *Parker* v. *Middlesex & Boston Street Railway, supra.* The judge instructed the jury on this question, that the burden of proof was upon the defendant on all the evidence, to show that the plaintiff was not in the exercise of due care, and in speaking of St. 1914, c. 553, G. L. c. 231, § 85, he stated: " She starts with the presumption that she was in the exercise of due care. . . . The plaintiff comes into court before the jury with the presumption that she was in the exercise of due care at the time that the wrong or injury was received. But the burden being upon the defendant it is for you to say, when evidence appears upon that question, from all the evidence, whether the plaintiff was in the exercise of due care, and unless the defendant has satisfied you that she was not, then the presumption remains with her, and you are to presume that she was in the exercise of due care." At the close of the charge the defendant took

an exception to this part of the charge, calling the judge's attention to the expression " then the presumption remains with her; " and referring to this presumption said, it " is only applicable where there is no evidence as to what the plaintiff was doing at the time; that once evidence appears as to what the plaintiff was doing, the presumption disappears, and that there only remains upon the defendant the burden of proving that the plaintiff was not in the exercise of due care."

The statute above referred to provides that in all actions to recover damages to the person or property, or for causing the death of a person, " the person injured or killed shall be presumed to have been in the exercise of due care, and contributory negligence on his part shall be an affirmative defence to be set up in the answer and proved by the defendant." It was correct to say that the plaintiff " starts with the presumption that she was in the exercise of due care." This presumption of due care in favor of the plaintiff is provided for by the statute; but there was error in instructing the jury that " the presumption remains with her," when evidence appeared bearing on the question of her due care. We think the jury were misled by this instruction, and understood by it, that although there was evidence before them explaining the conduct of the plaintiff and showing in what manner she was acting when alighting from the car, they could still make use of the presumption in deciding the question, and that this presumption remained with her throughout the trial. The due care presumption in actions for injury to persons or property is a rule established by statute. As was pointed out in *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 378, it is not evidence, it is a rule concerning evidence. " The presumption of the present statute is merely like numerous other presumptions. It stands only until the facts are shown." The defendant introduced no evidence, but there was evidence from the plaintiff and one of her witnesses showing the facts bearing on the question of her care. When this was produced there was no longer a presumption in her favor. The presumption was not evidence in any sense and did not remain " with

her " when evidence showing the facts appeared on that question. The presumption being in the plaintiff's favor, the burden of proof was on the defendant; but the presumption did nothing more than establish the inference of her due care in the absence of evidence showing the facts. The issue involved was to be decided on the evidence alone, without reference to the presumption. See in this connection *Commonwealth* v. *Sinclair*, 195 Mass. 100, 110; *Duggan* v. *Bay State Street Railway, supra; Commonwealth* v. *Anderson*, 245 Mass. 177; *Agnew* v. *United States*, 165 U. S. 36, 51.

We discover no other error in the conduct of the trial.

*Exceptions sustained.*