# Petrie *v.* Kaufmann & Baer Co., Appellant.

*Negligence—Escalator—Common carrier—Presumption of negligence from accident—Evidence—Burden of proof.*

1. An escalator like an elevator is a common carrier, and if a passenger is injured thereon through some defect in its mechanism or manner of operation, the burden of proof is upon the owner to show that the accident could not have been prevented by human foresight.

2. In such case the mere happening of the accident raises a presumption of negligence.

3. A sudden jolt or jerk of an escalator resulting in an injury to a passenger riding thereon, creates a prima facie presumption of negligence.

*Negligence—Damages—Amount of verdict—Excessive verdict.*

4. The question of the amount of a verdict will be reviewed only where it is so grossly excessive as to shock the appellate court's sense of justice and to indicate a clear abuse of discretion on the part of the trial court in sustaining it.

5. A verdict for $15,000 will not be set aside as excessive, where it appears that the woman injured was twenty-six years of age, that she suffered serious injuries to her head, back and ankle and was stricken in health, that her disability was likely to be permanent, and would deprive her of two-thirds of her earning power.

*Negligence—Damages—Earning power—Books of account.*

6. A verdict for plaintiff in an accident case will not be set aside because plaintiff was allowed to testify as to her earning power without producing her books of account, if it appears that no notice was served on her to produce them, and no exception was taken to her oral testimony, and no motion was made to strike it out or for the jury to disregard it.

Argued September 28, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 129, March T., 1927, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1926, No. 879, on verdict for plaintiff, in case of Ione Petrie v. Kaufmann & Baer Co. Affirmed.

Trespass for personal injuries.   Before ROWAND, J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $15,000.   Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.—It is contended by defendant that even though Pennsylvania has held the operator of an elevator to the same degree of care as a common carrier, there is a distinction between an elevator and an escalator: McKnight v. Kresge Co., 285 Pa. 489.

There was no evidence of negligence in this case and plaintiff was not entitled to have her case submitted to the jury: Muncey v. Taxi Service Co., 269 Pa. 97.

*R. A. Hitchens,* for appellee.—The escalator was but a form of elevator used for carrying its patrons from one floor to another, and the rules of negligence which relate to elevators and common carriers should apply: Fox v. Phila., 208 Pa. 127; McKnight v. Kresge Co., 285 Pa. 489; Kleine v. Rys. Co., 252 Pa. 214.

Obviously, the proper operating of an escalator differs from that of a train or street car or elevator. These stop and start to permit the passengers to get on and alight. They increase and decrease their speed, and necessarily some jarring and jolting occurs.

An escalator, on the other hand, does not stop to permit persons to get on or alight, but should continue smoothly at a uniform speed, the passengers stepping on and off while the escalator is in motion.

People using escalators frequently have their arms filled with packages, and are unable to use their hands to maintain their equilibrium, and for that reason it is imperative that there be no jolts or jerks.

OPINION BY MR. JUSTICE WALLING, November 28, 1927:

This action of trespass is for personal injuries plaintiff suffered by a fall on an escalator while, as a patron in defendant's store, she was being conveyed from one floor to another. This appeal by defendant is from judgment entered on a verdict for plaintiff and the record presents no reversible error. Defendant has a large department store on Smithfield Street, Pittsburgh, occupying several floors of the building and, among other conveniences for its patrons and employees, has escalators, in the nature of moving stairways, on which people stand and are carried from one elevation to another. Plaintiff's evidence, corroborated by two disinterested witnesses, was that on March 3, 1925, while a customer in the store, she stepped on an escalator to pass from the fifth to the fourth floor and had been carried about one-third of the distance when the escalator momentarily stopped and then started forward with such a sudden and violent jerk as to throw her down, causing her head and body to strike forcibly against the moving stairway by which she was seriously and permanently injured. The other witnesses testify to the stop and sudden violent forward jerk, by which they came near being thrown; also as to plaintiff's fall and to some extent as to her injuries. Defendant's inspector, whose attention was not called to the accident until the time of the trial two years later, testified that he made the usual hourly inspection and found nothing wrong and knew of no cause for the stop and sudden jerk complained of. Under the evidence the case was for the jury.

As an escalator and an elevator perform the like service of conveying people from one elevation to another, they are subject to like duties and responsibilities. The passenger is at least as powerless to influence the action of the former as the latter. Hence, the rule that an elevator is deemed a common carrier applies equally to an escalator. While a carrier is not an insurer of the

safety of the passengers, he is bound to exercise the highest practical degree of care for their safety, and where a passenger is injured through some defect in the means of transportation or the manner of operation, the burden is upon the carrier to show it could not have been prevented by human foresight. "But though, in legal contemplation, they [common carriers] do not warrant the absolute safety of their passengers, they are yet bound to the exercise of the utmost degree of diligence and care. The slightest neglect against which human prudence and foresight may guard, and by which hurt or loss is occasioned, will render them liable to answer in damages. Nay, the mere happening of an injurious accident, raises, prima facie, a presumption of neglect, and throws upon the carrier the onus of showing it did not exist": Laing v. Colder, 8 Pa. 479, 481, 482. See also Bickley v. Phila. & R. Ry. Co., 257 Pa. 369; McBride v. McNally, 243 Pa. 206; Meier v. P. R. R. Co., 64 Pa. 225. That this rule applies to elevators is expressly stated and the reasons therefor clearly set forth in the opinion of the court, by Justice (later Chief Justice) BROWN, in Fox v. Phila., 208 Pa. 127, and by Justice KEPHART, speaking for the court, in McKnight v. Kresge Co., 285 Pa. 489. See also Riland v. Hirshler, 7 Pa. Superior Ct. 384; 10 C. J. 1039. The description of the occurrence, in general language, as a sudden violent jerk of the escalator, was sufficient (Kleine v. Pittsburgh Rys. Co., 252 Pa. 214) and, when plaintiff was injured thereby, created a prima facie presumption of negligence against the defendant. That such presumption may be rebutted by exculpatory proof is clear; whether it was or not in the instant case was for the jury.

Complaint is made of the trial court's refusal to grant defendant relief from what it is urged was an excessive verdict, viz: $15,000. It is the plain duty of trial courts to see that no verdict unjust and oppressive in amount is permitted to stand. According to the evidence for

plaintiff, including that of two physicians, she suffered, inter alia, serious injuries to her head, back and ankle and was confined to her bed for some ten weeks; lost greatly in weight, became anemic and neurasthenic; that her disability continued at the time of the trial and was likely permanent and deprived her,—a healthy woman of twenty-six years of age when hurt,—of over two-thirds of her earning power; that because of her injuries she had spent and would be compelled to spend large sums as doctor bills, for medicines, etc., and that she had suffered and would continue to suffer great pain and inconvenience. Defendant offered no evidence on this branch of the case, and, while the verdict was large, we are not satisfied that sustaining it constituted an abuse of the trial court's discretion. We can only interfere in such case to prevent manifest injustice. As stated by Mr. Justice FRAZER, speaking for the court, in Knobeloch v. Pgh., H. B. & N. C. Ry. Co., 266 Pa. 140, 143: "This court has repeatedly said in a long line of cases, beginning with Smith v. Times Pub. Co., 178 Pa. 481, and extending down to Scott v. American Express Co., 257 Pa. 25, that the question of the amount of the verdict would be reviewed only where so grossly excessive as to shock our sense of justice and to indicate a clear abuse of discretion on the part of the court below"; and to like import are Martin v. Letter, 282 Pa. 286, 290; Potts et ux. v. Guthrie, 282 Pa. 200; Gail v. Phila., 273 Pa. 275; Stevenson v. Davis, Director General, 272 Pa. 361; McMonagle v. Simpers, 267 Pa. 117. We can interfere only "where the facts demonstrate a verdict to be so plainly excessive in any part as to indicate that the jury has abused its power, and that abuse is not remedied by the court below": from opinion by the Chief Justice in Goldman et al. v. Mitchell-Fletcher Co., 285 Pa. 116, 119.

It is also urged that the trial court erred in permitting plaintiff to testify as to her earnings, before and after the accident, without the production of her ac-

count books.  As to this it is sufficient that no subpœna or notice was served on plaintiff to produce her books, and no objection was interposed or exception taken to her oral testimony as to her earnings and no motion made to strike it out, or for the jury to disregard it. We are therefore not called upon to decide whether her books would have afforded better evidence.  The jury having the oral evidence had the right to consider it: Poluski v. Glen Alden Coal Co., 286 Pa. 473; 10 R. C. L. p. 1008, section 197.

The judgment is affirmed.