### CHESAPEAKE & O. RY. CO. v. BURTON.

### No. 3127.

Circuit Court of Appeals, Fourth Circuit.

June 17, 1931.

John E. F. Wood, of New York City, and Douglas W. Brown, of Huntington, W. Va. (Fitzpatrick, Brown & Davis, of Huntington, W. Va., on the brief), for appellant.

A. A. Lilly, of Charleston, W. Va. (Lilly, Lilly & Warwick, of Charleston, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

The plaintiff below was injured after he had alighted from a train of the railway company upon the platform at Blue Sulphur, a flag station located about thirteen miles east of Huntington, W. Va. A few of the company's trains stopped at his station upon signal. The building was merely a small shed or covered shelter, approximately six feet wide by twelve feet long, open on the side towards the railroad track. The platform occupied a space between the shed and the tracks five or six feet wide by sixteen feet in length, and was composed of crushed limestone raised six or eight inches above the level of the adjoining ground. The plaintiff was the only passenger to leave the train on this occasion. He left by the front steps of the second coach in the train, stepping off as soon as it came to a standstill. He made two or three steps away from the train towards

the shed, and then turned towards the rear of the train, intending to take a path which led away from the platform at its western end. In making the turn, his foot became entangled in a steel wire barrel hoop, which happened to be lying there. Struggling to free himself, he proceeded between ten or twenty feet, and then tripped and fell, after he had stepped down from the station platform. The train was then in motion, having started quite promptly upon his leaving it, and as he fell he turned in such a manner that the rear wheels of the coach he had just left passed over his left hand.

The plaintiff in the District Court depended upon two items of negligence on the part of the railway company, and, the case having been submitted on these issues to the jury, a verdict in his favor in the sum of $6,000 was rendered. He complained and now argues (1) that the company was negligent in permitting the steel hoop to obstruct the safe passage of persons over the platform, and (2) that the railway company negligently started the train before the plaintiff had an opportunity to get away from it safely and without danger to himself. The defendant on its part at the trial below and in this court contended (1) that there was no evidence of negligence to justify the submission of the case to the jury, and (2) that the relation of passenger and carrier did not exist between the parties at the time of the accident, and that therefore the only duty owed to the plaintiff was not willfully or wantonly to injure him.

The second contention of the railway is based upon the admitted fact that the plaintiff presented for his passage a ticket which, as shown by a notice printed on the back, had already expired. It was argued on the part of the plaintiff that the defect in the ticket had been waived by its acceptance on this occasion by the conductor, representing the railway company. We do not find it necessary, however, to decide this question, because, even if we assume that the railway company owed to the plaintiff all the duties which such a carrier owes to passengers on its premises, the evidence does not show negligence on the part of the railway company, but rather that the unfortunate accident which the plaintiff suffered was brought about by a circumstance for which it had no responsibility in law.

The parties to the cause agree that the duty which a carrier owes to passengers on its premises, as distinguished from passen-gers on its trains, is to exercise reasonable or ordinary care for their safety, and, amongst other things, to provide and maintain safe and adequate platforms and stations for their use in waiting for approaching and leaving trains. See 10 Corpus Juris, §§ 1337, 1340–1342; Taylor v. Pennsylvania Railroad (C. C.) 50 F. 755. And so, if a passenger is injured upon a station platform by an obstacle which the carrier has negligently failed to remove, he is ordinarily entitled to recover damages. However, in such cases, as is usually true where a charge of negligence is involved, the liability depends upon the facts of the particular case, such as the circumstances of time and place, the manner in which the obstacle was created, and the opportunity the carrier has had to discover and remove it. When it does not appear that the obstruction was caused by the carrier or its servants, the passenger must prove that the carrier knew, or by the exercise of ordinary care could have known, of it in time to remove it. Thus we held in Livingston v. Atlantic Coast Line R. Co., 28 F.(2d) 563, that a passenger injured by slipping on a banana peeling on the floor of a railroad car was not as a matter of law entitled to recover damages from the railroad, where it was not shown how long the peeling had been there or that the employees of the company had had an opportunity to discover its presence and to remove it. See, also, Goddard v. Boston & Maine R. R., 179 Mass. 52, 60 N. E. 486; Scholtz v. Interborough Rapid Transit Co., 48 Misc. Rep. 619, 95 N. Y. S. 557; Chesapeake & Ohio Ry. Co. v. Mathews, 114 Va. 173, 76 S. E. 288; Munro v. Railroad, 155 Mo. App. 710, 135 S. W. 1016.

The character of the railroad station at Blue Sulphur has already been indicated. It was not designed or needed for large public use. No employee was in attendance. The nearest residence was three hundred feet away, and the nearest business house from seven to eight hundred feet. The station and the surroundings were inspected daily by an employee of the railway, the last time the day before the accident, and there was then no hoop or other obstruction upon the platform. An attempt was made on behalf of the plaintiff to draw the inference from the testimony of the employee that he had not been diligent in his work of inspection, but we are satisfied from our examination of the record that no inference of negligence may be reasonably drawn therefrom. It was also contended that, since the hoop was rusty, it must have lain on the platform for a long time, but of

course rust could have accumulated as well in one exposed place as in another.

In short, the record is devoid of evidence to show by what agency or when the hoop was placed upon the platform. It may conceivably have been left by an employee or it may with equal or greater probability have been thrown away by some third person, as, for instance, by a child at play. There is nothing to show how long it had lain upon the platform before the arrival of the train. Under these circumstances, we are forced to the conclusion that there was no evidence to justify the jury's finding that the presence of the hoop was due to the negligence of the railway or its employees.

Nor do we think that the plaintiff's injury was caused by negligence of the railway in prematurely starting the train. It is of course well settled that a carrier of passengers by railroad, when a train is stopped for the discharge of passengers, must keep it stationary a sufficient length of time to allow them to alight in safety. But this duty was performed in the instant case, as the plaintiff was free of the train before it started. He had proceeded two or three steps away from it, and from ten to twenty feet alongside of it, before he fell. His fall was not caused or brought about in any way by the starting of the train, but was due entirely to the fact that the hoop lay upon the platform. Consequently, there was no evidence to warrant the submission to the jury of the issue of negligence, and the defendant was entitled to an instructed verdict in its behalf, as it requested.

The judgment of the District Court must therefore be reversed.