GERTRUDE F. DUBOIS *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    May 13, 1931. — June 23, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Escalator in subway.    *Boston Elevated Railway Company.*

A finding of negligence on the part of the defendant was warranted at
the trial of an action for personal injuries against Boston Elevated
Railway Company, on evidence warranting findings that the plaintiff
fell and was injured when his foot caught and stuck for a moment in
a rough, worn place in one of the teeth of the stationary metal cone
or comb of an escalator on which he was ascending from a tunnel sta-
tion in Boston; that such rough, worn place had been caused by the
wearing out or corrosion of the metal after the installation of the
escalator and while it was in the control of the defendant, and was not
due to improper original construction of the escalator; and that the
defect had existed for a sufficiently long period for the defendant to
have discovered and remedied it.

TORT.    Writ dated March 13, 1925.

The action was tried in the Superior Court before *Green-
halge,* J.    Material evidence is stated in the opinion.    Sub-
ject to leave reserved under G. L. c. 231, § 120, a verdict
for the plaintiff in the sum of $3,750 was recorded.    There-
after the judge ordered the entry of a verdict for the
defendant.    The plaintiff alleged an exception.

*J. F. Myron,* for the plaintiff.

*R. L. Mapplebeck,* for the defendant.

CROSBY, J.    This is an action of tort to recover for per-
sonal injuries received by the plaintiff while ascending an
escalator in the Washington Street subway station, in Bos-
ton.    The plaintiff's husband, who had brought an action
for consequential damages, died before the trial.    No ad-
ministration had been taken out upon his estate, but it
was agreed that whatever he could have recovered may be
recovered in the present action.    At the trial it was agreed
that the plaintiff was a passenger of the defendant, that

the escalator upon which the alleged injury occurred was installed at the time the subway was built, and that the defendant was obligated to accept and operate the subway as constructed. The escalator was under the control and maintenance of the defendant.

The plaintiff testified that as she was moved up over the stationary metal part of the escalator called the cone or comb, made up of eight or nine metal teeth at the point where threads run along and in between the teeth of the cone, her right foot caught in a rough, worn place on the long, stationary, metal tooth nearest the right side and stuck, holding her for a minute; then she lost her balance, and her left knee went down back, striking the moving part of the escalator three times. The teeth were made of some sort of shiny metal. The metal run on the right hand side, going up, seemed to be very much worn and looked pock marked. It "seemed to be like a varnished floor that gets roughed up and then it gets full of dirt, little hills. . . . It looked as if the metal had been corroded by water, or dirt, or sand, or anything that got into it, and sort of worn it out or eaten it away."

A witness called by the defendant testified that the escalator was of the travelling chain or tread type; that a quarter-round moulding on each side of the cone is attached to the wooden part of the escalator; that there are threads and a one-inch angle iron which is attached to the wooden part of the escalator; that the pieces of iron on each side of the escalator are not as shiny as the strips in the cone, but are black.

The jury returned a verdict for the plaintiff and the judge thereafter, under leave reserved, ordered the entry of a verdict for the defendant. To this order the plaintiff excepted.

The defendant was obliged to accept and operate the subway as constructed, and if, due to the manner in which the escalator was constructed, there was a defect in it which caused the plaintiff's injury, the defendant would not be liable. *Theall* v. *Boston Elevated Railway*, 213 Mass. 327, and cases there cited. *Bartol* v. *Boston*, 259 Mass.

323, 325. It was the defendant's duty to maintain the escalator in as safe a condition as it was in when it came under the defendant's control.

It is the contention of the defendant that, if there was a defect in the escalator, it was due to the unsafe or improper construction of the angle iron. The evidence, however, warranted a finding that the rough, worn place in which the plaintiff's foot caught had been caused by the wearing out or corrosion of the iron after the installation of the escalator and while it was in the control of the defendant, and that the defect had existed for a sufficiently long period for the defendant to have discovered and remedied it. The case is governed by *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550, and *Cook* v. *Boston Elevated Railway*, 256 Mass. 27, and cases collected at page 29. *Bagnell* v. *Boston Elevated Railway*, 247 Mass. 235, 237.

Briefly stated, the jury could have found that the plaintiff's injury was due not to defective construction but to the negligent maintenance of the escalator. The evidence warranted a finding that the plaintiff was in the exercise of due care and we do not understand that the defendant contends to the contrary. It results that the exception to the ordering of the entry of the verdict for the defendant must be sustained, and judgment is to be entered in accordance with the original verdict returned by the jury.

*So ordered.*