CHRISTINE F. RICHTER, PLAINTIFF-RESPONDENT, v. L.
BAMBERGER & COMPANY, DEFENDANT-APPELLANT.

Submitted October 14, 1932—Decided March 25, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Thomas B. Kaveny* (*Charles H. Hanks, Jr.,* of counsel).

For the defendant-appellant, *Joseph C. Paul.*

PER CURIAM.

Plaintiff was a customer in the store of L. Bamberger & Company, Newark, and was using one of the store escalators when a woman ahead of her was thrown by the heel of her shoe being caught in the escalator. This mishap caused other users of the escalator to fall back and thus one of these persons stepped on the plaintiff's instep, producing injuries that form the basis of the present action. Defendant's brief alleges four errors: (1) refusal of nonsuit, (2) absence of proof of negligence, (3) refusal to direct verdict for the defendant, and (4) rendering judgment for plaintiff. All of these grounds fall if there is proof that the plaintiff's injuries were due to defendant's negligence.

The District Court judge, sitting without a jury, made a finding of facts which may in part be paraphrased as follows:

The escalator was old and the cleats upon which users of the contrivance were obliged to stand had become considerably worn with the result that the spaces between the cleats were unduly widened. This condition permitted the heel of the woman's shoe to slip into the intercleat space, causing the woman to be thrown and her neighbors on the escalator to fall back. One of the last named persons was thus caused to step on plaintiff's instep. Defendant was negligent in the inspection and repair of the escalator. This negligence was immediately reflected in the condition of the apparatus and was the proximate cause of the woman's fall and of the plaintiff's injuries.

Has that finding support in the facts proved or in the inferences legitimately to be inferred therefrom? We think so.

The witness Johnston, speaking of the woman who was thrown, said: "Her two shoes were stuck down between the two grooves in the escalator where the escalator had worn down. * * * The woman couldn't step off the escalator * * *. The escalator kept going * * *. She kept falling back on top of us * * *. She had to leave her shoes in the escalator. * * * Nobody was guarding the escalator, top or bottom." Plaintiff testified that the escalator was worn. Defendant's chief engineer testified that the escalator had cleats that were about three-quarters of an inch wide and spaced at three-quarters of an inch; that when defendant noticed that the spaces were beginning to increase the cleats were removed and new treads were put on; and that *the day after the accident,* witness, making an inspection, thought it well to remove and replace six or eight of the cleats; and that such wear takes time to develop and would not occur from a few days' use.

The duty of the appellant toward the respondent to exercise reasonable care to keep the floor and such other parts of its store as it invited the respondent to use in such condition of repair that it would be reasonably safe for her, in the exercise of reasonable care on her part, to be upon and about such premises is too well established to require cita-

tion of authority. We think that the case comes within the rule stated in *Stark* v. *The Great Atlantic, &c., Tea Co.,* 102 *N. J. L.* 694; 133 *Atl. Rep.* 172, and that the facts present a question for jury determination as to whether or not the condition of the escalator flooring that caused the accident had existed for such period of time as to give the appellant reasonable time and opportunity to inspect and repair if necessary. Also we think that there was a fact question as to the sufficiency of the emergency control by which the machinery of the escalator, with its mechanically moving parts, might be quickly stopped on the occurrence of a mishap.

The judgment below will be affirmed.