L. S. AYRES & COMPANY *v.* HICKS.

[No. 27,632.   Filed January 13, 1942.]

*Fesler, Elam, Young & Fauvre,* and *Howard S. Young, Jr.,* all of Indianapolis (*Homer Elliott,* of Martinsville, of counsel), for appellant.

*Barnes, Hickam, Pantzer & Boyd,* and *Thomas M. Scanlon,* all of Indianapolis (*S. C. Kivett,* of Martinsville, of counsel), for appellee.

PER CURIAM.—This case was appealed to the Appellate Court, where an opinion was filed affirming the judgment. The appellant filed a petition for a ■ rehearing. The case comes to this court upon the following certificate of the Chief Judge: "The petition for rehearing in the above entitled cause having been duly considered by the Appellate Court and four judges failing to agree as to the question presented on said petition for rehearing, this petition for rehearing is now transferred to the Supreme Court of Indiana, under the provisions of-Section 4-209, Burns' Ind. Statutes 1933." This court has no jurisdiction to pass on a petition for rehearing, or grant a rehearing, in a cause in the Appellate Court.

The statute referred to provides: "Whenever, upon the determination of any appeal . . . if four [4] judges shall not concur in the result, the case ■ shall be transferred to the Supreme Court. . . ." But the appeal has been determined, and an opinion filed in which four or more of the judges concurred.

In *Lesh* v. *Johnston Furniture Co.* (1938), 214 Ind. 176, 13 N. E. (2d) 708, 14 N. E. (2d) 537,[1] the Appellate Court seems to have concluded that, under such circumstances, the opinion stands unless a majority of the judges concur in an order granting a rehearing, and a rehearing was there denied, with the judges equally divided.

The record in the instant case discloses that one of the judges of the Appellate Court did not participate. Section 4-223, Burns' 1933, § 1389, Baldwin's 1934,

---

[1] This case was transferred to the Supreme Court, on petition of the unsuccessful party, under § 4-215, Burns' 1933, § 1359, Baldwin's 1934, and not, as stated in the opinion, under § 4-209, Burns' 1933, § 1364, Baldwin's 1934.

provides that in such cases "a concurrence of three [3] of the judges shall be necessary and sufficient to decide a cause and to make any order or certificate of said court."

In the case of *De Lange* v. *Cones, Adm'r* (1939), 215 Ind. 355, 19 N. E. (2d) 850, the Appellate Court, after dismissing the appeal, failed to agree as to the disposition of a petition to reconsider its ruling, and the case was certified here under § 4-209, Burns' 1933, § 1364, Baldwin's 1934, but in that case the jurisdictional question was not noticed.

The cause is ordered remanded to the Appellate Court.

NOTE.—Reported in 38 N. E. (2d) 577.