WELCH v ROLLMAN & SONS CO.

Ohio Appeals, 1st District, Hamilton County.

No. 6134. Decided June 15, 1942.

Kunkel & Kunkel, Cincinnati, for appellee.

Robert A. Black, Cincinnati, for appellant.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the court of common pleas of Hamilton county. The plaintiff was awarded $6,000.00 by a jury. The action was predicated upon injuries received by the plaintiff while a passenger upon an escalator, under the sole control of the defendant, which, it was alleged, suddenly jerked causing her to lose her balance and fall. It is further alleged that the defendant was negligent in not causing such escalator to stop after the plaintiff had fallen.

From the evidence, it appears that the plaintiff was a passenger upon an escalator in the department store of the defendant and was being carried from one floor down to a lower floor; that the escalator suddenly jerked, causing plaintiff to lose her balance and fall, being carried to the foot of the escalator before the same was caused to stop by the turning off of the electric power operating same.

The defense amounted to a claim that the escalator did not jerk and that the apparatus was so constructed that it was impossible for it to jerk as claimed, that once stopped it could not start again.

There was substantial evidence introduced, however, that the apparatus was under the sole control of the defendant, that it did suddenly jerk, that the plaintiff lost her balance and fell by reason of such sudden jerk, and that she was injured, and that such injuries were due solely to and proximately caused by such jerk and fall. The plaintiff was unable to explain, and made no effort to explain, what caused the apparatus to jerk. The defendant did not attempt to explain the cause of the jerk, for two reasons:—First, it denied that such jerk took place, and introduced evidence to that effect. Second, it introduced evidence to prove that it was impossible for such an occurrence to have happened, by reason of the character of the mechanism employed. In the briefs of counsel for defendant, the rule laid down in **Black v City of Berea, 137 Oh St, 611**, pages **627, 628**, is relied upon as sustaining such defense:

"As stated by Blashfield in his Cyclopedia of Automobile Law and Practice, Volume 10, page 146: 'Where facts testified to are opposed to all natural laws and common experience, so that it is inconceivable that any such thing could have occurred, courts will refuse to believe it, on the ground that they will take judicial notice of its incredibility.'"

The complicated mechanism employed in the operation of an escalator certainly does not present to either court or jury such a manifestation of either "natural laws" or "common experience" as would justify either court or jury coming to a conclusion that the substantial evidence of the plaintiff that a jerk occurred was unworthy of belief and that "it is inconceivable that any such thing could have occurred."

The effect of the contention of the defendant is to all intents and purposes a claim that the plaintiff introduced no evidence to sustain her cause of action and that, therefore, that the defendant should have had judgment either because of predominating evidence of the defendant or that there was no evidence to sustain the plaintiff.

Certainly, it cannot be maintained that the plaintiff had no substantial evidence to sustain her

case, or that reasonable minds could reach but one conclusion, and that adverse to the plaintiff.

Such being the case, the facts proved presented an issue of fact for the jury. In Hamden Lodge, etc. v Ohio Fuel Co., 127 Oh St., 469, the 4th paragraph of the syllabus is:

"Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

We do not find its verdict was against the weight of the evidence.

What has been said applies with equal force to the contention of the defendant that the plaintiff did not sustain her claim to injury proximately caused by the defective operation of the escalator.

It is also asserted by the defendant that there was a complete failure of proof of negligence. Such a contention ignores the evidence which demonstrated injury to plaintiff caused by an agency wholly under the control of defendant; no reasonable explanation being given exonerating the defendant of blame in the operating of the mechanism.

It is to be observed also that the defendant owed to the plaintiff as a common carrier the highest degree of care. May Department Stores v McBride, 124 Oh St, 264.

The doctrine of res ipsa loquitur is stated by the Supreme Court in Weller, Exrx. v. Worstall, 129 Oh St., 596, pages, 600, 601:

"That doctrine is a rule of evidence peculiar to the law of negligence, and amounts to a qualification of the general rule that negligence is never presumed but must be affirmatively proved. Briefly stated, the doctrine is that where the instrumentality or thing which caused the injury complained of is shown to be under the management and control of a defendant, and the accident is such as in the ordinary course of events does not happen if proper management and control is exercised, it affords reasonable evidence, in the absence of explanation by such defendant, that the accident arose from want of care, and permits the inference of negligence. 29 O. Jur., 631, §153, et seq., citing Ohio cases; 20 Ruling Case Law, 185, §156; 45 Corpus Juris., 1193, Section 768 et seq. It is founded on an absence of specific proof of acts or omissions constituting negligence.

"The Supreme Court of the United States said in Sweeney v Erving, 228 U. S., 233, 240, 33 S. Ct., 416, 418, 57 L. Ed., 815, 819, Ann. Cas., 1914D, 905, 907:

'In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal; not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff.' And see the definition contained in Graham v Badger, 164 Mass., 42, 41 N. E., 61.

"While the doctrine does not require that negligence must be inferred from the mere occurrence of an accident, if the accident and the circumstanes under which it took place give ground for a reasonable inference that if due care had been exercised the thing that happened amiss would not have happened, the law says 'res ipsa loquitur' Wardman v Hanlon, 280 F., 988, 52 App. Cas. (D.C.), 14, 26 A. L. R., 1249."

Giving the defendant the most advantageous construction, the evidence in this case, as previously noted. presented a question for the jury. In Glowacki, etc., v North Western Ohio Ry. & Power Co., 116 Oh St, 451, the second and third paragraphs of the syllabus are:

"2. Where the allegations in a petition and the evidence offered in support thereof call for the application of the rule of res ipsa loquitur, and where the defendant has offered evidence tending to meet and explain the circumstances, it is the duty of the court, when requested so to do by either party, to submit the question to the jury under proper instructions.

"3. The weight of the inference as well as the weight of the explanation offered to meet the inference is for the determination of the jury in a jury trial or for the determination of the court when the court is the trier of the facts."

Again, we say, giving the defendant the most favorable construction of the case, for in view of the fact that the defendant denied the existence of the jerk, and also strenuously claims that that did not happen, which substantial evidence shows did happen, introducing evidence that the defect in the operation could not exist, it may be doubted whether any attempt was made to exonerate the defendant from the inference of negligence, consequent upon the unexplained fact of defect in operation of the mechanism.

Certainly, the defendant should not complain that the jury was given the opportunity to consider an explanation which it did not offer.

It is further claimed by the defendant that the jury in answer to a special interrogatory assigned specific negligence not alleged in the petition. The record shows the. following to have occurred:

"1. Was the defendant negligent?
 Answer: Yes.
 2. If your answer is 'yes', state of what that negligence consisted.
 Answer: Improper inspection of escalator, before and immediately after accident.
 3. If your answer to Question 1, is 'yes', were the plaintiff's injuries the result of her fall alone?
 Answer: Yes.
 4. If your answer to Question 3 is 'no', state what caused the injuries.
 Answer: ———."

Now the claim to relief by the plaintiff is manifestly based upon the doctrine of res ipsa loquitur, which, in its application, excludes any definition by the plaintiff of the particular species of negligence involved. If the plaintiff is cognizant of the negligence causing his injuries and specifies it, the doctrine of res ipsa loquitur is inapplicable. Cleveland Ry Co. v Sutherland, 115 Oh St, 262; Weller, Exrx. v Worstall, 129 Oh St., 596; Loomis v Toledo Railways & Light Co., 107 Oh St, 161.

It is claimed the jury found a species of negligence not alleged

in the petition, and, consequently, not one permitted the plaintiff as a basis for a verdict. **Drown v Northern Ohio Traction Co., 76 Oh St, 234.**

The petition, as before stated, first, merely alleges that the plaintiff was injured by the negligent operation of an instrumentality under the sole control of the defendant. This alleges no specific negligence, and the finding upon the special interrogatory would not be in conflict therewith.

The petition does add a further charge of negligence, to-wit: that the defendant was negligent in failing to stop the escalator after plaintiff's loss of balance and fall. This is an independent allegation and in no way affects the previous charge that she was injured by the operation of a mechanism under the sole control of a public carrier by reason of negligence, the exact character of which she is ignorant. Such is the effect of the allegations in her petition.

Suppose a railroad train were to be derailed and be precipitated off a bridge into a river, would the further allegation that the railroad, through its employees, failed to render the plaintiff assistance, in any way affect the obvious inference that the plaintiff was entirely ignorant of the original cause of the derailment? What caused her injuries would be a question of fact for the jury upon the evidence adduced.

The jury by its general verdict found the defendant negligent in the maintenance and operation of the escalator as charged. Does the fact that it found that there was negligence in failure to inspect in the presence of evidence to the contrary affect the general verdict to the prejudice of the plaintiff?

**Section 11420-18 GC** provides:

"When a special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly."

It is the settled law of this state (1) that the court does **not** consider the evidence in determining an inconsistency between the general verdict and a special finding of fact; (2) that there must exist an inconsistency between the two, so that the general verdict and special finding of fact are irreconcilable.

In **Board of Commissioners v Deitsch, et al., 94 Oh St., 1,** the second paragraph of the syllabus is:

"Judgment should not be rendered on special findings of fact as against the general verdict unless such special findings, when considered together, are inconsistent and irreconcilable with the general verdict. The evidence cannot be considered in determining such conflict."

In **Prendergast v Ginsburg, et al., 119 Oh St., 360, 364,** the second paragraph of the syllabus is:

"When the trial court enters judgment for the plaintiff upon verdict of a jury, and later upon motion for judgment, notwithstanding the verdict, grants such motion and enters judgment for the defendants, in considering whether the facts specially found are irreconcilable with the general verdict the reviewing court should not inquire into the evidence adduced at the trial."

In **Gearhart v Columbus Ry. Power & Light Co., 65 Oh Ap, 225,** the second and third paragraphs of the syllabus are:

"2. Special findings of fact override the general verdict only when both cannot stand together, and when the special findings cannot by any hypothesis be reconciled with the general verdict.

"3. In determining whether special findings of fact are inconsistent with the general verdict, the court does not consider the evidence but only the pleadings, issues and special and general findings."

See also: Fox v Conway, et al, etc., 133 Oh St., 273, 275.

The issue raised by the pleadings was whether the escalator "jerked", whether the plaintiff by reason thereof fell and was injured, and whether all of this was caused by a legal dereliction of duty on the part of the defendant.

By the application of the doctrine of res ipsa loquitur the plaintiff made a prima facie case by proving the jerk, the absolute control of the mechanism by the defendant, and the plaintiff's consequent injuries.

The jury in the absence of proof of some justifiable cause explaining the defective operation of the escalator, could well have found that the cause of such defective operation still remained in the realm of speculation and conjecture, which situation would not, under the application of the doctrine, relieve the defendant from liability.

That the jury in its futile attempt to conjecture and speculate as to such cause, unaided by any evidence of defendant, and confronted with evidence the jerk did not occur, fixed upon the lack of inspection before and after the defective operation, cannot be considered inconsistent or irreconcilable with the finding that such defective operation remained unexplained, carrying an inference of negligence, which is the effect of the general verdict.

It is certainly true that had an inspection been made of such a character as would have disclosed the defect causing the jerk, it is probable at least that the defect would have been remedied and the jerk not have occurred. This is entirely speculative also.

We do not find such inconsistency between the special finding and general verdict as would justify the trial court in finding them wholly irreconcilable and had the court rendered judgment for the defendant thereon, we would consider such action reversible error.

Complaint is made by the defendant that the court committed reversible error in its refusal to give the following special charge:

"I charge you that Viola Welch cannot recover unless one or more of the acts of negligence claimed in her petition is established by a preponderance of the evidence and was a direct and proximate cause of such injuries, if any, she may have received."

In view of the fact that by reason of the ignorance of the plaintiff of the character of the mechanism and the defect which caused it to jerk, and, consequently, ignorant of the peculiar negligence which permitted such defect to exist and operate to her damage, the charge in question would have constituted reversible error had it been given and a verdict resulted in favor of defendant.

An examination of other special instructions shows that the defendant received all it had just cause to claim upon the matter sought to be included in the

charge refused. The effect of the charge refused in a res ipsa loquitur case would be to charge the plaintiff out of court, for the allegation only of a definite charge of negligence would exclude the operation of the doctrine.

We have previously stated that the addition of the allegation of negligence in failing to stop the escalator neither added to nor subtracted from the cause of action stated in the charge of defective operation and control.

The general charge is also criticized, in that the court, it is claimed, found the possibility of injury to plaintiff due to merely loss of balance, as well as the jerk of the escalator. Examination of the language of the court shows that the portion of the charge criticized cannot be considered as prejudicial to the defendant. The court stated:

"That is the first question to pass upon. Of course, I might say if you do not believe that is the way the accident happened but that she lost her balance by reason of some sudden jerk on her part, and not the escalator, then your verdict should be for defendant."

But the court also stated:

"If you find that the plaintiff has proved by a preponderance of evidence that the negligence of the defendant proximately caused the accident and resulting injuries in the manner set forth in the petition, your verdict should be for the plaintiff."

And, again:

"The rule of res ipsa loquitur does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor. Whether the defend-ant introduced evidence or not, the plaintiff in this case will not be entitled to a verdict unless she satisfied the jury by the preponderance of the evidence that her injuries were caused by a defect in the escalator attributable to the defendant's negligence. The law attaches no special weight, as proof, to the fact of an accident, but simply holds it to be sufficient for the consideration of the jury even in the absence of any additional evidence.

"The burden of proving negligence by a preponderance of the evidence still rests upon the plaintiff."

This latter quotation from the charge was given by the court as an added statement after concluding the general charge and received special emphasis.

The whole charge was eminently fair to the defendant and we find no prejudicial error in it, or in the record or proceedings.

For the reasons stated, the judgment is affirmed.

MATTHEWS, PJ., concurs.