Mrs. Gladys B. WHITE, Appellant,

v.

SEARS, ROEBUCK AND COMPANY, a corporation, Appellee.

No. 7315.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 22, 1957.

Decided March 12, 1957.

Sidney H. Kelsey, Norfolk, Va. (L. David Lindauer, Norfolk, Va., on brief), for appellant.

Thomas H. Willcox, Norfolk, Va. (Willcox, Cooke & Willcox, Norfolk, Va., on brief), for appellee.

Before PARKER, Chief Judge, and HARRY E. WATKINS and GILLIAM, District Judges.

HARRY E. WATKINS, District Judge.

The principal question here is whether the doctrine of res ipsa loquitur is applicable in a case where the plaintiff falls when stepping on a slippery foreign substance on the step of an escalator while a customer in defendant's store. The District Court thought that such doctrine was not applicable in this case, and we agree.

On March 31, 1955, plaintiff was a customer in defendant's store at Norfolk, Va., and while being transported from the second to the first floor of the store by an escalator provided for the use of customers, she slipped and fell. She claims that her fall was caused by the presence of a slick, colorless, oily substance on the step of the escalator upon which she stepped. Defendant denies the presence of any such foreign substance on the escalator and says the cause of her fall was (as stated by her to three different witnesses on the date-

of the accident) that her little grandson who was with her ran against her legs, or attempted to run by her, and caused her to fall. The jury returned a verdict for the defendant, and plaintiff has appealed.

Plaintiff alleges error in the court's charge to the jury in two respects: first, in refusing to apply the doctrine of res ipsa loquitur, and, second, in charging the jury that in order for the plaintiff to recover on the theory of a foreign substance being on the escalator step, the plaintiff must show that the defendant knew of that condition, or in the exercise of the highest degree of care known to human foresight should have known of that condition.

■■ Points one and two involve a single question, for if the doctrine of res ipsa loquitur is applicable then no question of notice arises, but if the doctrine is inapplicable, then actual or constructive notice must be shown to establish negligence. To establish negligence on the part of the defendant store with reference to the presence of the foreign substance, under the facts of this case, it is necessary for the plaintiff to show that the defendant knew, or by exercising the highest degree of care should have known, that this foreign substance was present. Such constructive notice can be shown in foreign substance cases by showing that the substance had remained on the escalator for such a period of time that by the exercise of the highest degree of care the defendant should have known of its presence.

The escalator in question is of aluminum construction. The treads of the steps are formed of parallel aluminum strips with a 3/16 inch groove between them. There is a metal comb-plate at the point where the steps appear at floor level, with a tooth of the comb in each groove. That comb-plate scrapes off anything which exceeds 1/32 inch in thickness. Plaintiff alleges negligence on the part of the defendant in failing to provide a brush or similar device which would remove substances of less than 1/32 inch while the escalator is in motion. The evidence does not indicate, however, that any other escalator has such a brush, or that any such brush has ever been made, or that any brushes would have removed from the escalator the type of substance involved here.

There is no evidence in the record that defendant had put any oily substance on the escalator, or had knowledge of any such foreign substance being there before or after the fall. If the foreign substance was on the step, there is no evidence as to where it came from, who put it there, or how long it had been there prior to the accident. There is nothing connected with the escalator from which any grease or liquid could get on a step of the escalator. The escalator had been inspected by the defendant on the day of the accident before the store opened, twice during the forenoon of that day while it was in operation, and twice during the afternoon of that day, prior to the accident. On all of these inspections the escalator was in good condition and free of any foreign substance.

■ Appellant cites as the leading case in Virginia on res ipsa loquitur in elevator injury cases Murphy's Hotel v. Cuddy's Adm'r, 124 Va. 207, 97 S.E. 794. The case establishes that in Virginia owners of elevators are common carriers and held to the highest degree of care known to human prudence. The same law is elsewhere generally applied to owners of escalators as is applied to owners of elevators. 18 Am.Jur., Elevators and Escalators, Sec. 84, p. 567; Petrie v. Kaufmann & Baer Co., 291 Pa. 211, 139 A. 878. In the Murphy's Hotel case, the state court held that the doctrine of res ipsa loquitur was applicable in a case brought for a personal injury sustained in an elevator, but it is to be noted that the injury came about either through mechanical failure or improper operation by the hotel employee, and not by reason of any foreign substance.

■ Appellant cites some escalator cases from other jurisdictions where the doctrine has been invoked, and we have found many more such cases, but we

have encountered none concerning accidents caused by foreign matter on the escalator. Most such cases have involved children getting their fingers caught in the escalator, ladies getting their heels caught in the escalator, and people being thrown down when the escalator jerked. Conway v. Boston El. R. Co., 255 Mass. 571, 152 N.E. 94; L. S. Ayres & Co., v. Hicks, Ind.App., 34 N.E.2d 177, remanded 219 Ind. 348, 38 N.E.2d 577, superseded 40 N.E.2d 334, rehearing denied 220 Ind. 86, 41 N.E.2d 195, 356; Burdine's Inc. v. McConnell, 146 Fla. 512, 1 So.2d 462; DuBois v. Boston El. R. Co., 276 Mass. 98, 176 N.E. 920; Richter v. L. Bamberger & Co., 165 A. 289, 11 N.J.Misc. 229; May Department Stores Co. v. McBride, 124 Ohio St. 264, 178 N.E. 12; Welch v. Rollman & Sons Co., 70 Ohio App. 515, 44 N.E.2d 726; Fuller v. Wurzburg Dry Goods Co., 192 Mich. 447, 158 N.W. 1026; Petrie v. Kaufmann & Baer Company, 291 Pa. 211, 139 A. 878. One case involved a worn, smooth, slippery plate upon which a customer slipped in alighting from an escalator, and held the store liable for negligence when it was shown that the plate was smooth from extended wear. S. S. Kresge Co. v. McCallion, 8 Cir., 58 F.2d 931.

In Weiner v. May Dep't Stores Co., D.C.S.D.Cal., 35 F.Supp. 895, the court stated that while operators of escalators are held to the highest degree of care for the safety of passengers, yet they are not insurers of passengers' safety and the doctrine of res ipsa loquitur does not apply unless the defendant knew, or is in better position to know, the cause of injury than the plaintiff. The Weiner case is in accord with the Virginia case of Peters v. Lynchburg Light & Traction Company, 108 Va. 333, 61 S.E. 745, 746, 22 L.R.A.,N.S., 1188, as to when the doctrine of res ipsa loquitur does not apply. The Virginia court there stated:

"The doctrine rests upon the assumption that the thing which causes the injury is under the exclusive management of the defendant, and the evidence of the true cause of the accident is accessible to the defendant and inaccessible to the person injured."

Under the authorities, it is abundantly clear that the doctrine of res ipsa loquitur in Virginia and elsewhere applies in escalator cases where injury is caused by mechanical failure, because, in that instance, the store would be in a better position to explain the occurrence. But in cases where a customer slips on a foreign substance, the store is in no better position to explain the presence of the foreign substance than the plaintiff.

The parties have compared the store's position in this case with that of railroad common carriers, since both owe passengers the highest degree of care. There have been numerous cases involving injuries sustained by railroad passengers slipping on banana peels or other slippery substances, and the courts have almost unanimously held actual or implied knowledge essential for the plaintiff to recover. In fact, most of those cases have had directed verdicts for the defendants, especially where the plaintiffs presented no evidence as to how long the substance had been at the place of the accident.

A leading "banana peel" case decided by this court is Livingston v. Atlantic Coast Line R. Co., 4 Cir., 28 F.2d 563. It was there held as a matter of law that a plaintiff was not entitled to recover where it was not shown how long the banana peel had been in a railroad car, or that the railroad company through its employees had any opportunity to discover its presence and remove it. See also a similar holding of this court in Chesapeake & Ohio Ry. Co. v. Burton, 50 F.2d 730, opinion by Judge Soper, in a case where a barrel hoop had been left on a station platform.

Judge Hutcheson, speaking for the court in Windham v. Atlantic Coast Line R. Co., 5 Cir., 71 F.2d 115, held that a passenger slipping on a banana peel in the aisle of a coach was not entitled to recover without establishing knowledge

on the part of the defendant carrier. At page 116 the Court said:

> "Unlike in passenger injuries sustained where appliances of transportation are involved, no presumption of fault arises to aid a passenger when injured, as here, by slipping or stumbling over foreign substances in an aisle. Plaintiff must rely entirely on her evidence to prove negligence."

To the same effect see Goddard v. Boston & M. R. R., 179 Mass. 52, 60 N.E. 486; Benson v. Manhattan Ry. Co., 31 Misc. 723, 65 N.Y.S. 271.

Appellant argues that because of the high degree of care imposed upon owners of escalators, the doctrine of res ipsa loquitur should apply. That argument is refuted by the cases cited above, where railroads were also held to the highest degree of care but the courts refused to give the plaintiff the benefit of a presumption. It is quite true that it would be difficult for plaintiff in this case to prove how long the oily substance was on this escalator, if there was such a substance. But by the same token, the defendant in this case had no better knowledge of the facts. As stated in the banana peel cases, supra, this oily substance might have been dropped on the escalator by a customer less than a minute before plaintiff stepped on the escalator. To hold the defendant here liable for negligence, through the use of the doctrine of res ipsa loquitur, would make it an insurer of the safety of its passengers—an onerous burden which the law does not impose even on common carriers.

■■ We think that the admission into evidence of the statements made by the plaintiff shortly after her accident was proper. Appellant points out that the appellee did not plead contributory negligence affirmatively, as it must do if it wishes to rely upon that defense, under Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Appellant argues that it follows that no evidence can be admitted which shows or tends to show contributory negligence, even if

introduced for another purpose. We think there is no merit in this contention. The District Judge properly instructed the jury at the time of the introduction of this evidence, and in his charge to the jury, that the jury was not to consider any contributory negligence. These statements were correctly admitted into evidence as tending to show that the accident did not occur in the manner in which the plaintiff had alleged.

Affirmed.