MARKMAN, J.
The question presented to this Court is whether expert testimony is necessary in the circumstances of this case. We conclude that it is.
I. FACTS AND PROCEDURAL HISTORY
Plaintiffs’ fifteen-day-old son was admitted to the Pediatric Intensive Care Unit (PICU) at the University of Michigan Hospital, where he was treated for a respiratory problem. During his' stay in the PICU, he was under the care of Dr. Joseph R. Custer, the Director of Pediatric Critical Care Medicine. When the infant was moved to the general hospital ward, physicians in that ward discovered that both of the infant’s legs were fractured. Plaintiffs sued Dr. Custer and the hospital, alleging that the fractures were the result of negligent medical procedures, namely, the improper placement of an arterial line in the femoral vein of the infant’s right leg and the improper placement of a venous catheter in the infant’s left leg.
Defendant physician is board-certified in pediatrics and has certificates of special qualifications in pediatric *4 critical care medicine and neonatal-perinatal medicine. Plaintiffs’ proposed expert witness, who signed plaintiffs’ affidavit of merit, is board-certified in pediatrics, but does not have any certificates of special qualifications.
Before discovery, the trial court denied defendants’ motion for summary disposition, concluding that plaintiffs’ attorney had a “reasonable belief” under MCL 600.2912d(l) that plaintiffs’ proposed expert witness was qualified under MCL 600.2169 to testify against the defendant physician, and, thus, that plaintiffs’ affidavit of merit was sufficient. After discovery, the trial court granted defendants’ motion to strike plaintiffs’ expert witness on the basis that he was not actually qualified under MCL 600.2169 to testify against the defendant physician. The trial court dismissed plaintiffs’ claim with prejudice, concluding that plaintiffs could not reach a jury without expert testimony.
The Court of Appeals affirmed the trial court’s ruling that plaintiffs’ proposed expert witness was not qualified under MCL 600.2169 to testify against the defendant physician (Judge BORRELLO dissented on this issue), but reversed the trial court’s dismissal on the basis that expert testimony was unnecessary under the doctrine of res ipsa loquitur, i.e., an inference of negligence may be drawn from the fact that the infant was admitted to the PICU with healthy legs and discharged from the PICU with fractured legs (Judge TALBOT dissented on this issue). Unpublished opinion per curiam, issued October 21, 2003 (Docket Nos. 239868-239869). The case was remanded for trial.
Defendants sought leave to appeal the Court of Appeals decision that res ipsa loquitur applies and that expert testimony was not necessary. Plaintiffs sought leave to cross-appeal the Court of Appeals decision that their proposed expert witness was not qualified under *5 MCL 600.2169 to testify against the defendant physician, We heard oral argument on whether to grant the applications or take other peremptory action permitted by MCR 7.302(G)(1). 471 Mich 890 (2004). We have granted plaintiffs’ application for leave to appeal as cross-appellants.[1] In this opinion, we address only defendants’ application for leave to appeal.
II. STANDARD OF REVIEW
This Court reviews de novo decisions on summary disposition motions. Grossman v Brown, 470 Mich 593, 598; 685 NW2d 198 (2004).
*6 hi. ANALYSIS
Plaintiffs argue that expert testimony is unnecessary in this case because of the doctrine of res ipsa loquitur. In a medical malpractice case, the plaintiff must establish:
(1) the applicable standard of care, (2) breach of that standard of care by the defendant, (3) injury, and (4) proximate causation between the alleged breach and the injury. [Locke v Pachtman, 446 Mich 216, 222; 521 NW2d 786 (1994).]
See MCL 600.2912a. Generally, expert testimony is required in medical malpractice cases. Locke, supra at 230.
This Court has long recognized the importance of expert testimony in establishing a medical malpractice claim, and the need to educate the jury and the court regarding matters not within their common purview.... While we have recognized exceptions to this requirement, the benefit of expert testimony, particularly in demonstrating the applicable standard of care, cannot be overstated. [Id. at 223-224.]
However, if a medical malpractice case satisfies the requirements of the doctrine of res ipsa loquitur, then such case may proceed to the jury without expert testimony. Id. at 230. Res ipsa loquitur is a Latin term meaning, “[t]he thing speaks for itself.” Black’s Law Dictionary (6th ed).[2]
[R]es ipsa loquitur ... entitles a plaintiff to a permissible inference of negligence from circumstantial evidence.
*7 The major purpose of the doctrine of res ipsa loquitur is to create at least an inference of negligence when the plaintiff is unable to prove the actual occurrence of a negligent act.... •
In a proper res ipsa loquitur medical case, a jury is permitted to infer negligence from a result which they conclude would not have been reached unless someone was negligent. [Jones v Porretta, 428 Mich 132, 150, 155-156; 405 NW2d 863 (1987).]
In order to avail themselves of the doctrine of res ipsa loquitur, plaintiffs must meet the following conditions:
“(1) the event must be of a kind which ordinarily does not occur in the absence of someone’s negligence;
(2) it must be caused by an agency or instrumentality within the exclusive control of the defendant;
(3) it must not have been due to any voluntary Action or contribution on the part of the plaintiff”; and
(4) “[e]vidence of the true éxplanation of the event must be more readily accessible to the defendant than to the plaintiff.” [Id. at 150-151 (citations omitted).]
With regard to the first condition, this Court has held that “the fact that the injury complained of does not ordinarily occur in the absence of negligence must either be supported by expert testimony or must be within the common understanding of the jury.” Locke, supra at 231. In this case, whether a leg may be fractured in the absence of negligence when placing an arterial line or a venous catheter in a newborn’s leg is not within the common understanding of the jury, and, thus, expert testimony is required. That is, plaintiffs needed to produce expert testimony to support their theory that the infant’s injuries were not the unfortunate complication of a reasonably performed medical procedure. As this Court explained in Jones, supra at 154:
*8 [I]n a normal professional negligence case, a bad result, of itself, is not evidence of negligence sufficient to raise an issue for the jury.. .. Something more is required, be it the common knowledge that the injury does not ordinarily occur without negligence or expert testimony to that effect.
In a case where there is no expert evidence that “but for” negligence this result does not ordinarily occur, and in which the judge finds that such a determination could not be made by the jury as a matter of common understanding, a prima facie case has not been made, and a directed verdict is appropriate. [Emphasis in original.]
Whether, “but for” negligence, the newborn’s legs would not have been fractured is not a determination that can be made by the jury as a matter of common understanding. As the trial court explained:
Whether the fractures could have occurred in the absence of someone’s negligence is an allegation that must be supported by expert testimony; the procedures [the infant] underwent are not within the common knowledge of a reasonably prudent jury. Furthermore, whether fractures of the kinds suffered by [the infant] are possible complications arising from the types of procedures performed during [his] stay at the Pediatric ICU is knowledge that is exclusively within the expertise of the medical profession.
And, as Judge TALBOT in dissent in the Court of Appeals explained, “[ajssuming that the fractures may have been caused by the placement of the lines in the infant’s legs, the risks associated with the placement of arterial lines or venous catheters in a newborn infant, and whether fractures ordinarily do not occur in the absence of negligence, are not within common knowledge of a reasonably prudent fact finder.” Slip op at 9. Because we do not know whether the injury complained of does not ordinarily occur in the absence of negligence, we cannot properly apply the doctrine of res ipsa loquitur.
*9 Plaintiffs argue that, even if res ipsa loquitur does not apply, expert testimony is not required because the alleged negligence was within the common understanding of the jury. For the same reason that we conclude that res ipsa loquitur does not apply here — whether a leg may be fractured in the absence of negligence when placing an arterial line or a venous catheter in a newborn’s leg is not within the common understanding of the jury — we conclude that this latter exception to the requirement of expert testimony also does not apply.[3]
IV CONCLUSION
Expert testimony is required because whether a leg may be fractured in the absence of negligence when placing an arterial line or a venous catheter in a newborn’s leg is not within the common understanding of a jury. We have granted plaintiffs’ application for leave to appeal as cross-appellants, and will determine whether plaintiffs’ expert is qualified, within the meaning of MCL 600.2169, to testify against the defendant physician. Accordingly, while we now hold that this case *10 cannot proceed to a jury on a res ipsa loquitur theory, the entry of final judgment in this case must await our determination of the expert-qualification issue.[4]
Taylor, C.J., and Corrigan and Young, JJ., concurred with Markman, J.

 That order states:
On December 9, 2004, the Court heard oral argument on defendants’ application for leave to appeal the October 21, 2003, judgment of the Court of Appeals and plaintiffs’ cross-application for leave to appeal. Plaintiffs’ cross-application for leave to appeal is again considered and it is GRANTED. The parties are directed to include among the issues to be briefed: (1) what are the appropriate definitions of the terms “specialty” and “board certified” as used in MCL 600.2169(l)(a); (2) whether either “specialty” or “hoard certified” includes subspecialties or certificates of special qualifications; (3) whether MCL 600.2169(1)03) requires an expert witness to practice or teach the same subspecialty as the defendant; (4) whether MCL 600.2169 requires an expert witness to match all specialties, subspecialties, and certificates of special qualifications that a defendant may possess, or whether the expert witness need only match those that are relevant to the alleged act of malpractice. See Tate v Detroit Receiving Hosp, 249 Mich App 212 (2002); and (5) what are the relevant specialties, subspecialties, and certificates of special qualifications in this case.
The American Osteopathic Association’s Bureau of Osteopathic Specialists, the Accreditation Council for Graduate Medical Education, and the Council of Medical Specialty Societies are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the questions presented in this case may move the Court for permission to file briefs amicus curiae. [473 Mich 856 (2005).]

 “Res ipsa loquitur” is the “[r]ebuttable presumption or inference that defendant was negligent, which arises upon proof that the instrumentality causing injury was in defendant’s exclusive control, and that the accident was one which ordinarily does not happen in absence of negligence.” Id.

 Our dissenting colleagues criticize us for deciding defendants’ application for leave to appeal separately from plaintiffs’ cross-application for leave to appeal. However, it is only logical to determine whether expert testimony is required, the issue raised in defendants’ application for leave to appeal, before determining whether plaintiffs’ proposed expert is qualified to testify, the issue raised in plaintiffs’ cross-application for leave to appeal. If we were to determine that expert testimony was not required, there would be no need to determine whether plaintiffs’ expert is qualified to testify. Because we have determined in this opinion that expert testimony is required, we must next determine whether plaintiffs’ proposed expert is qualified to testify. Because of the complexities and the importance of the latter issue, we have granted plaintiffs’ cross-application for leave to appeal. However, because we have already reached a decision on the former issue, and because we believe that the Court of Appeals erred in its analysis of the res ipsa loquitur doctrine, we issue our opinion on this former issue today.

 Justice CAVANAGH concludes that “the trial court abused its discretion in not granting plaintiffs’ motion for an extension of time to add a new expert witness.” Post at 10. Because plaintiffs have not appealed the trial court’s decision denying plaintiffs’ motion for an extension of time to add a new expert witness, we do not address this issue.