# STATE OF MICHIGAN

# COURT OF APPEALS

VERNA DEMARTIN,

　　　　　　Plaintiff-Appellee,

v

UNIVERSITY OF MICHIGAN REGENTS,

　　　　　　Defendant-Appellant.

UNPUBLISHED
May 19, 2015

No. 319803
Court of Claims
LC No. 12-000127-MZ

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant appeals by right from an order of the Court of Claims denying its motion for summary disposition under MCR 2.116(C)(7) (government immunity) and (C)(10) (no genuine issue of material fact). For the reasons set forth below, we reverse and remand for entry of judgment in favor of defendant pursuant to MCR 2.116(C)(7).

Plaintiff and her daughter Laura Farmer arrived at the University of Michigan Dental School in April 2012 for a dental procedure. After the procedure, Farmer and plaintiff exited the building through an automatic door operated by a push button device. Farmer proceeded a few steps ahead of plaintiff. Before plaintiff could clear the door, it began to close, striking plaintiff on her right shoulder and knocking her down. The door had its hydraulic closing mechanism replaced in February or March 2012 due to reports that the door was slamming closed. A police officer who responded to the scene of plaintiff's accident did not detect any abnormal operation of the door.

Defendant argues that the Court of Claims erred in not summarily dismissing plaintiff's complaint. We review de novo a trial court's decision on a motion for summary disposition, *Pew v Mich State Univ*, 307 Mich App 328, 331; 859 NW2d 246 (2014), as well as "the determination regarding the applicability of governmental immunity and a statutory exception to governmental immunity," *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011).

Summary disposition will be granted under MCR 2.116(C)(7) "if the plaintiff's claims are barred because of immunity granted by law." *Pew*, 307 Mich App at 332. Defendant, as the moving party, "may submit affidavits, depositions, admissions, or other documentary evidence" if it would be admissible at trial. *Snead*, 294 Mich App at 354. Submitted evidence is viewed in a light most favorable to the nonmoving party. *Id*. If a "pertinent factual dispute exists, summary disposition is not appropriate." *Id*. When suing a unit of government, a plaintiff must

-1-

plead in avoidance of governmental immunity. *Mack v Detroit*, 467 Mich 186, 203; 649 NW2d 47 (2002).

The Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*., provides that "[e]xcept as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). Exceptions to governmental immunity are narrowly tailored. *Maskery v Univ of Mich Bd of Regents*, 468 Mich 609, 614; 664 NW2d 165 (2003). The GTLA exception applicable to this case is the public-building exception, MCL 691.1406, which provides as follows:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. Knowledge of the dangerous and defective condition of the public building and time to repair the same shall be conclusively presumed when such defect existed so as to be readily apparent to an ordinary observant person for a period of 90 days or longer before the injury took place. As a condition to any recovery for injuries sustained by reason of any dangerous or defective public building, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

To come within this exception, a plaintiff must prove the following five elements:

> (1) a governmental agency is involved, (2) the public building in question was open for use by members of the public, (3) a dangerous or defective condition of the public building itself exists, (4) the governmental agency had actual or constructive knowledge of the alleged defect, and (5) the governmental agency failed to remedy the alleged defective condition after a reasonable period or failed to take action reasonably necessary to protect the public against the condition after a reasonable period. [*Maskery*, 468 Mich at 614-615 (citation omitted).]

The first two elements are not in dispute.

Whether a building or condition "is dangerous or defective is to be determined in light of the uses or activities for which it is specifically assigned." *Pierce v City of Lansing*, 265 Mich App 174, 179; 694 NW2d 65 (2005) (internal quotation marks and citation omitted). A court considering the question must examine "not only whether the physical condition caused the injury incurred, but also whether the physical condition was dangerous or defective under the circumstances presented." *Hickey v Zezulka (On Resubmission)*, 439 Mich 408, 422; 487 NW2d 106 (1992) (opinion by BRICKLEY, J.), amended 440 Mich 1203 (1992).

Plaintiff has failed to establish a genuine issue of material fact whether a defect existed in the door that struck her. There was evidence from work orders and deposition testimony that maintenance staff had repaired the door in February or March 2012 because of a defective hydraulic unit. The two work orders in evidence indicate that the door was slamming and had nearly hit two people over the course of three days. One work order indicates that the door was fixed on March 19, 2012, and a member of the "door closers" department did not contradict the accuracy of the work order. There was no evidence that the door remained defective at least a month later in April when plaintiff sustained her injury. Although Farmer testified that she detected a strong adhesive odor when passing through the door, there is no testimony or evidence that the odor emanated from the door or its operating components, or that such an odor is indicative of failure in the hydraulic unit or other operative component of automatic or low power doors. Further, there is no testimony or evidence establishing that the door closed abnormally fast. In fact, the police officer who arrived on the scene shortly after the accident observed the operation of the door and tested the door pressure. He indicated that it was not out of the ordinary and he did not report any problem.

Additionally, neither plaintiff nor Farmer, the only witnesses to the accident, testified to any defect in the door. Farmer stated there was "a quick jolt; like it starts to swing and then it catches," but she did not state that the door closed too quickly thereafter. Indeed, neither witness testified that the door closed too early and neither knew how long it was open. The evidence only established that the door simply closed before plaintiff cleared it.

Plaintiff's res ipsa loquitur argument is unpersuasive. Res ipsa loquitur, meaning "the thing speaks for itself," allows a plaintiff to draw "a permissible inference of negligence from circumstantial evidence." *Woodard v Custer*, 473 Mich 1, 6-7; 702 NW2d 522 (2005). Four conditions must be met to invoke the doctrine:

> (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence;
>
> (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant;
>
> (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff; and
>
> (4) [e]vidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff. [*Id*. at 7 (alteration in original; internal quotation marks and citations omitted).]

It is undisputed that when a door operates on a time delay, it will close regardless of objects in its path. Therefore, the closing of the door here is not an event that "ordinarily does not occur in the absence of someone's negligence." *Id*. Further, the true explanation of events is not more accessible to defendant. Although defendant held the maintenance log information, only plaintiff and her daughter are able to explain how plaintiff walked through the door and the operation of the door when it struck her.

Further, even if we assume that the evidence established a genuine issue of material fact as to whether the door was defective, plaintiff has failed to show defendant was aware of any defect or that defendant failed to repair it. *Maskery*, 468 Mich at 614-615. Farmer testified to detecting an adhesive odor, but there is no evidence that the odor was known to defendant or that it was indicative of a problem with the door's operation. Farmer heard a "click" and observed a "jump" in the door, but there is no evidence showing that these observations evidence a defect in the door or that defendant was on notice of these indicators. Further, the work orders indicate that the last documented problem with the door was resolved in March, a month before plaintiff's incident.

In light of our conclusion on this threshold issue, we need not address defendant's other arguments.

Reversed and remanded for entry of judgment in favor of defendant pursuant to MCR 2.116(C)(7). We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

-4-