# STATE OF MICHIGAN

# COURT OF APPEALS

SHANTE HOOKS,

        Plaintiff-Appellant,

v

LORENZO FERGUSON, M.D., and ST. JOHN
HEALTH d/b/a ST. JOHN PROVIDENCE
HOSPITAL,

        Defendants-Appellees.

UNPUBLISHED
January 5, 2016

No. 322872
Oakland Circuit Court
LC No. 2013-132522-NH

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

MURRAY, J (*concurring*).

Our Court's recent decision in *Elher v Misra*, 308 Mich App 276; 863 NW2d 335 (2014), dealt with the same issue under almost identical facts, and concluded that an expert who proffered testimony almost identical to plaintiff's expert in this case, was admissible. I cannot legitimately distinguish our case from *Elher*, and so I must concur in the majority's conclusion to reverse the trial court order. MCR 7.215(J)(1). However, I agree with Judge HOEKSTRA'S dissenting opinion in *Elher*, see 308 Mich App at 313-317, and were it not for *Ehler*, I would vote to affirm.

The dispositive issue is whether the trial court abused its discretion by excluding the testimony of plaintiff's proposed expert witness on the basis that it failed to meet the requirements of MCL 600.2955 and MRE 702. *Craig v Oakwood Hosp*, 471 Mich 67, 76; 684 NW2d 296 (2004). Although establishing an abuse of discretion is not as difficult as it once was, see *Spaulding v Spaulding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959) (setting forth the mostly discarded standard of having to demonstrate that a decision was "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."), it is still a very deferential standard of review that requires for reversal a conclusion that the trial court's decision was outside the range of reasoned and principled outcomes. See *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007). This standard recognizes that " 'there will be more than one reasonable and principled outcome,' " *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006), quoting *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003), and therefore the appellate court must still have far more than a difference of judicial opinion with the lower court regarding the outcome reached. See *Saffian v Simmons*,

477 Mich 8, 12; 727 NW2d 132 (2007), quoting *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 761; 685 NW2d 391 (2004), quoting *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999).

As noted by the majority, the admissibility of expert testimony in a medical malpractice case is governed by MRE 702 and MCL 600.2955. MRE 702 states:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

MCL 600.2955 states:

> (1) In an action for the death of a person or for injury to a person or property, a scientific opinion rendered by an otherwise qualified expert is not admissible unless the court determines that the opinion is reliable and will assist the trier of fact. In making that determination, the court shall examine the opinion and the basis for the opinion, which basis includes the facts, technique, methodology, and reasoning relied on by the expert, and shall consider all of the following factors:

> (a) Whether the opinion and its basis have been subjected to scientific testing and replication.

> (b) Whether the opinion and its basis have been subjected to peer review publication.

> (c) The existence and maintenance of generally accepted standards governing the application and interpretation of a methodology or technique and whether the opinion and its basis are consistent with those standards.

> (d) The known or potential error rate of the opinion and its basis.

> (e) The degree to which the opinion and its basis are generally accepted within the relevant expert community. As used in this subdivision, "relevant expert community" means individuals who are knowledgeable in the field of study and are gainfully employed applying that knowledge on the free market.

> (f) Whether the basis for the opinion is reliable and whether experts in that field would rely on the same basis to reach the type of opinion being proffered.

> (g) Whether the opinion or methodology is relied upon by experts outside of the context of litigation.

The trial court thoroughly examined and then applied the relevant criteria to the undisputed facts. In the end, the court set forth the following reasoning in excluding plaintiff's expert:

I have reviewed the motions, the responses, the replies, the deposition testimony of the doctor. I find that, for the reasons articulated by the defendants, that the doctor's testimony is unreliable.

There isn't a need for a *Daubert*[1] hearing as the deposition is very thorough and has fully explored and exhaustively addressed these issues. In particular, the doctor makes—and without limiting the foregoing, which is incorporating by reference the argument of the defense counsel not only on the record, but also in the briefs and the reply, but in particular, just to highlight, this particular doctor has articulated a standard of care, which is not supported by the scientific community, by the supporting literature or the other factors that have been mentioned and the statutory basis that this Court is intended to vet.

He has made a[n] infallibility standard, which is that if there's any injury, there must be negligence. In the course of his discussion under oath, he vacillates and contradicts himself in several material respects.

He—and I agree with the problem with—although I looked hard to see if I could parse out portions of the opinion to eliminate the infallibility and look to the other more concrete examples of claims of negligence, that I agree with the premise that the foundation of infallibility is fatally flawed. And, therefore, the remainder of his opinion is unreliable and otherwise unsupported by the literature.

. . . I want to highlight a couple of things. One is that I agree with defense counsel's argument that some of the argument made was not appropriately disclosed in the notice of intent and the affidavit of merit, and that we have a very strong statutory scheme in which vague allegations are inappropriate and that there must be specificity with regard to medical malpractice to allow an appropriate defense of the same, and that to spring on at the last moment additional theories of malpractice is inappropriate and not—should not be countenanced to allow a case to proceed through such argument.

The statutory basis that was initially addressed by Dr. Ferguson's counsel, I think is very strong. It reveals why this particular opinion is not supported. I will not reiterate it here, but every single factor that one looks at in connection with the statutory requirements of 2955, I agree that they are not met. There's no scientific testing, no peer review, no generally accepted principles. The error rate is not known, not accepted by the relevant community, et cetera.

---

[1] *Daubert v Merrell Dow Pharm, Inc*, 509 US 579; 113 S Ct 2786; 125 L Ed 2d 469 (1993).

And, therefore . . . [f]or all the arguments I've already addressed and/or incorporated, I will grant the motion. And I will issue an order reflecting the same.

As the foregoing makes clear, the trial court offered several reasons for excluding the proposed expert testimony: (1) his opinion had no support in the scientific community or in the medical literature, (2) his opinion set forth a negligence per se (or "infallibility") standard, (3) his opinion did not meet any of the other requirements set forth in the statute, and (4) part of his opinion addressed an issue not presented in the affidavit of merit or notice of intent.

Although the majority correctly disposes of the second rationale used by the trial court, see *Woodward v Custer*, 473 Mich 1, 8; 702 NW2d 522 (2005), the trial courts other reasons for excluding the testimony were a reasonable application of the statutory requirements and its conclusions were not outside the range of principled outcomes. Like the *Ehler* Court, the majority criticizes the trial court's recognition of the absence of any support of the expert's opinion in the medical literature or amongst his peers, but those are, of course, two mandatory criteria that must be considered under the statute. MCL 600.2955(1)(b) & (e). *Clerc v Chippewa County War Memorial Hosp*, 477 Mich 1067; 729 NW2d 221 (2007). And, as the trial court noted, there was no evidence that the opinion and its basis have been subjected to *any* kind of any scientific testing, MCL 600.2955(1)(a), nor has plaintiff submitted *any* other evidence pertaining to any other of the relevant statutory criteria. And, of course, it is plaintiff's burden to do so. *Gilbert*, 470 Mich at 781.[2] Thus, even though each statutory criteria may not always prove applicable to each case, here we have no evidence pertaining to any of the factors.

Much of the parties focus has been on *Elher*, which is factually analogous to this case. *Elher* essentially approves the use of an expert despite there being no evidence submitted by the plaintiff that is relevant to the statutory requirements or the analysis required by MRE 702, and does so on the basis that there is no information relevant to these statutory requirements. See *Elher*, 308 Mich App at 296-309. Relying in part on the United States Court of Appeals for the Sixth Circuit decision in *Dickenson v Cardiac & Thoracic Surgery of Eastern Tennessee*, 388 F3d 976 (CA 6, 2004), the Court held that the expert's experience and qualifications were alone sufficient to allow his testimony before the jury. But our Supreme Court has held that "[u]nder MRE 702, it is generally not sufficient to simply point to an expert's experience and background to argue that the expert's opinion is reliable and, therefore, admissible." *Edry v Adelman*, 486 Mich 634, 642; 786 NW2d 567 (2010). See also, *Elher*, 308 Mich App at 316 (HOEKSTRA, J., dissenting). And, since courts are required to apply MRE 702 (and MCL 600.2955, for that matter) to ensure that any expert testimony is "reliable", *Gilbert*, 470 Mich at 780, how can a trial court make that critical determination without *any* information by which to gauge the opinion? The expert's qualifications and experience only tell us about the individual, not about the reliability of his proposed testimony.

---

[2] Indeed, plaintiff spends a good deal of time arguing why the literature *defendants* submitted is not proper to consider, but it is the literature (or any other evidence) that *plaintiff* produces that is relevant.

Nevertheless, *Elher* is binding on us and thus I reluctantly must vote to reverse.


/s/ Christopher M. Murray