# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE LANGLEY-BABCOCK,

Plaintiff-Appellant,

v

FOREST RIVER, INC.,

Defendant-Appellee.

UNPUBLISHED
December 5, 2017

No. 335060
Iosco Circuit Court
LC No. 15-009507-NP

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals the circuit court's order granting summary disposition to defendant, the manufacturer of her recreational vehicle, thus dismissing claims of product liability, negligence, breach of implied warranties, and breach of express warranties. We affirm.

Plaintiff purchased a Cedar Creek Silverback RV, and before doing so, she and her husband inspected the unit and did not detect an offensive odor. The owner of the dealership also stated that there was no odor in the RV while it was on his lot. Shortly after plaintiff purchased and took delivery of her RV, she and her husband noticed a foul odor in the vehicle. The dealer suggested to plaintiff's husband that the odor was likely a new-car scent that should dissipate in a short time, but the odor persisted. The dealer was unable to remove the odor. In the end, nobody was able to identify the source of the odor, including an employee of an insurance restoration company retained by plaintiff. This employee speculated that "off gassing" could be the cause of the odor.

The owner of another Silverback purchased from the same dealership stated that his RV had a similar foul odor that seemed to emanate from the cabinets, and that he had noticed the same odor when he went to defendant's plant to have his RV inspected. The witness also reported having attended trade shows in which Silverbacks were featured and noticed the odor in the vehicles displayed, and added that he had not experienced the odor in other RVs he had owned. The general manager of another RV dealership stated that she detected the odor in plaintiff's RV, and had noticed a similar odor in other Silverback RVs.

On appeal, plaintiff argues that summary disposition was improper because she was able to satisfy all of the conditions of res ipsa loquitur. Defendant agrees that plaintiff must satisfy the requirements of res ipsa loquitur to sustain her cause of action.

-1-

We review decisions on motions for summary disposition de novo. *Oliver v Smith*, 269 Mich App 560, 563; 715 NW2d 314 (2006). In this case, defendant sought summary deposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact). The trial court did not specify the subrule under which it was granting the motion, but because it considered "evidence beyond the pleadings," we recognize the decision as one made pursuant to the MCR 2.116(C)(10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

Summary disposition under MCR 2.116(C)(10) is proper when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Jimkoski v Shupe*, 282 Mich App 1, 4; 763 NW2d 1 (2008). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). See also MCR 2.116(G)(5).

A plaintiff relying on res ipsa loquitur must meet the following conditions:

(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence;

(2) it must be caused by an agency or instrumentality within the exclusive control of the defendant;

(3) it must not have been due to any voluntary action or contribution on the part of the plaintiff; and

(4) [e]vidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff. [*Woodard v Custer*, 473 Mich 1, 7; 702 NW2d 522 (2005) (quotation marks and citations omitted).]

"With regard to the first condition, . . . 'the fact that the injury complained of does not ordinarily occur in the absence of negligence must either be supported by expert testimony or must be within the common understanding of the jury.'" *Id*. (citation omitted). Plaintiff provided no expert opinions regarding the cause of the offensive odor. The insurance restoration worker, whose certification and experience seemed to offer real expertise, was unable to identify the cause of the odor; rather, he speculated that it might be "off-gassing." Although the general manager of another RV dealership confirmed that the odor in plaintiff's Silverback was similar to the odor she had encountered in other Silverbacks, she did not suggest a cause. Both the owner of the dealership from which plaintiff bought the subject RV, and defendant's own general manager, could only speculate that the odor came from the cabinets. That view was shared by the other Silverback owner, who was bothered by a similar odor, but he too offered no evidence of cause or origin. Plaintiff did not present any evidence that the cabinets or their support structures were inspected or, if so, what that inspection revealed.

Because plaintiff did not provide expert testimony regarding a cause of the odor, she was then required to rely on the common understanding of the jury in order to satisfy the first condition of res ipsa loquitur. But plaintiff could not succeed with that approach. If the

insurance restoration worker was unable to identify the source of the odor beyond speculating that it might be "off-gassing," a jury composed of laypersons, unfamiliar with the RV manufacturing process or how odors might arise in that product, could not be expected to bring sufficient understanding of the matter to bear. And although the evidence indicates that defendant had received other complaints of an unpleasant odor in Silverbacks, that was not enough of a pattern for the jury to infer that the manufacturer was the cause of the odor given that it occurred in only 3 Silverbacks out of 2,479 produced between 2013 and 2015.

Plaintiff also cannot prove that the defect was "caused by an agency or instrumentality within the exclusive control of the defendant." *Woodard*, 473 Mich at 7. Plaintiff and her husband admitted that before purchasing the RV, they did not notice the odor when inspecting the RV and that odor appeared only after the dealer delivered the unit. Accordingly, plaintiff cannot establish that the source or cause of the offending odor came into being while the RV was "within the exclusive control of the defendant," thus defeating any inference, as opposed to conjecture, that it originated with defendant, as opposed to the dealership, or plaintiff and her husband themselves.

Because plaintiff did not establish that the event was 'of a kind which ordinarily does not occur in the absence of someone's negligence," *id*., or that the offensive odor could be traced to defendant's exclusive possession of the RV, the trial court did not err in granting defendant's motion for summary disposition.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro

-3-