*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF PERRY CHARLESTON, by
BRENDA BERENS, Personal Representative,

UNPUBLISHED
March 24, 2020

Plaintiff-Appellant,

v

No. 348000
Oakland Circuit Court
LC No. 2018-163706-NI

PAUL CARROLL and FARM BUREAU
GENERAL INSURANCE COMPANY OF
MICHIGAN,

Defendants-Appellees.

Before: BECKERING, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing plaintiff's claims against defendant, Farm Bureau General Insurance Company of Michigan (Farm Bureau). However, the issues on appeal concern the trial court's order granting summary disposition for defendant, Paul Carroll (hereafter "defendant"), and the trial court's order denying plaintiff's motion for reconsideration in this automobile negligence action. We affirm.

This case arises out of an accident that occurred on I-96, on March 27, 2017, at approximately 2:45 p.m. On the day of the accident, defendant was driving his 2006 Chrysler Sebring westbound on I-96 when his left front tire and wheel detached from his vehicle. When the tire and wheel detached from the Sebring, the tire and wheel remained attached to one another, bounced across the freeway, "flew over the median wall," and struck plaintiff's pickup truck, which was headed eastbound on I-96.

On February 8, 2018, plaintiff filed a complaint against defendant alleging that defendant breached his duty to exercise reasonable care and caution on the highway, maintain control of his vehicle, and keep his vehicle in reasonable repair. Plaintiff contended that, as a result of defendant's negligence, the tire and wheel of defendant's vehicle "snapped off" and struck plaintiff's vehicle, causing plaintiff serious injuries. Defendant denied breaching any duty owed to plaintiff. According to the scheduling order, discovery was to close on November 9, 2018. On

-1-

May 18, 2018, defendant filed a motion for summary disposition. Along with his motion for summary disposition, defendant filed his own affidavit in which he asserted that he had no knowledge or warning of a problem with his tire or wheel prior to them becoming detached. Plaintiff filed a response arguing that the motion was premature. Following a hearing on defendant's motion, the court granted summary disposition to defendant. Plaintiff filed a motion for reconsideration. On reconsideration, plaintiff attached defendant's deposition transcript, arguing that defendant had revealed new and relevant information in his deposition. The court denied plaintiff's motion for reconsideration. This appeal follows.

## I. MOTION FOR SUMMARY DISPOSITION

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Mays v Snyder*, 323 Mich App 1, 24; 916 NW2d 227 (2018). A motion under MCL 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare*, *Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A trial court's grant of summary disposition under MCR 2.116(C)(10) is proper when the evidence, "viewed in the light most favorable to the nonmoving party, show[s] that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ*, *Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (citation and quotation marks omitted).

## A. PREMATURE GRANT OF SUMMARY DISPOSITION

Plaintiff argues that the court prematurely granted summary disposition, preventing plaintiff from conducting further discovery in an effort to support plaintiff's negligence claim against defendant. We disagree.

"The elements of a prima facie case of negligence are (1) a duty, (2) a breach, (3) injury or damages, and (4) causation." *Campbell v Kovich*, 273 Mich App 227, 230; 731 NW2d 112 (2006). Plaintiff argues that his negligence claim hinges on whether defendant breached his duty to exercise reasonable care by knowing, or because he should have known, prior to the accident, that his front left tire was not secure and at risk of becoming detached.

"Generally, summary disposition under MCR 2.116(C)(10) is premature if it is granted before discovery on a disputed issue is complete." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). "However, the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate." *Id*. "[A] party must show that further discovery presents a fair likelihood of uncovering factual support for the party's position." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 723-724; 909 NW2d 890 (2017). "[A] party claiming that summary disposition is premature must identify[ ] a disputed issue and support[ ] that issue with independent evidence." *Id*. at 724 (citation and quotation marks omitted).

The court granted defendant's motion for summary disposition approximately 12 weeks before the close of discovery. At the time the court granted summary disposition, the admissible

evidence before the court consisted primarily of defendant's affidavit, which had been filed with the court 12 weeks prior. In the affidavit, defendant asserted that he purchased the used Sebring from a private party "approximately six to eight months prior to the accident." When defendant purchased the Sebring, the tires were brand new, and they had been purchased and installed by the seller. During the entire period that he owned the Sebring, until the day of the accident, he "had no problems with any of the wheels or tires generally or the left front wheel or tire specifically and had no warning or prior notice of any problems or defects with any of the tires or wheels." Defendant "did not have any wheel or tire-related maintenance done, such as rotating of the tires, which could have caused any problems with the wheels or tires." On the day of the accident, "[i]mmediately before the tire detached from [his] car," defendant "heard a strange sound coming from the area of the left front wheel." As soon as defendant heard the sound, "[he] pulled into the right lane of traffic, with the goal of pulling onto the right shoulder." At no time prior to the accident did "[he] experience or perceive anything while driving which would cause [him] to suspect the wheels or tires were in need of maintenance or were in any state of disrepair or damage." In addition, defendant asserted that, although it was initially unclear how the tire became detached from the Sebring, "on subsequent examination, it appeared that the lug nut stems which hold the tire on the vehicle all broke off, allowing the tire to disengage from [his] car and become airborne."

Plaintiff did not present any substantive evidence in response, but argued that the motion was premature because the parties had not been deposed, plaintiff had not had an opportunity to inspect defendant's vehicle yet, and some written discovery remained outstanding. At the motion hearing, defendant argued that, although defendant's deposition transcript had not yet been filed with the court, defendant had testified consistently with his affidavit and maintained that he had no reason to suspect a problem with his tire or wheel prior to the accident. Plaintiff did not dispute this statement, and presented no argument regarding defendant's deposition testimony to support his argument that summary disposition was premature. Thus, the question is whether, on the basis of the evidence presented to the court, had plaintiff shown that "further discovery present[ed] a fair likelihood of uncovering factual support for [plaintiff's] position." *Meisner Law Group PC*, 321 Mich App at 723-724. Moreover, plaintiff was required to identify a disputed issue and support it with independent evidence. *Id*. at 724.

The court did not err in granting summary disposition. Although the summary disposition order was granted before the close of discovery, plaintiff presented no independent evidence to establish that further discovery presented a fair likelihood of uncovering factual support. At the time the court granted summary disposition, plaintiff's argument that summary disposition was premature rested on the fact that the parties had not yet been deposed and plaintiff had not had the opportunity to inspect defendant's vehicle. However, when the court heard oral arguments, the parties had been deposed. Moreover, plaintiff had previously been aware that defendant possessed the Sebring as indicated by plaintiff in his July 16, 2018 response brief, in which he stated that he had not yet inspected the vehicle. Nonetheless, the vehicle had not been inspected at the time of the motion hearing. Defendant submitted an affidavit contending that he had no knowledge of an issue with the tire and wheel and no reason to believe there was a problem until immediately before the tire detached. Plaintiff submitted no evidence to dispute defendant's evidence. Plaintiff merely argued that further discovery *could* lead to evidence to support plaintiff's position. Thus, plaintiff

failed to meet his burden of establishing that the order granting summary disposition was premature.

## B. RES IPSA LOQUITUR

Plaintiff also argues that the trial court erred in granting summary disposition because there was a genuine issue of material fact as to whether defendant was negligent under the doctrine of res ipsa loquitur. We disagree.

"The major purpose of the doctrine of res ipsa loquitur is to create at least an inference of negligence when the plaintiff is unable to prove the actual occurrence of a negligent act[.]" *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 19; 930 NW2d 393 (2018). This Court follows the standard set forth by our Supreme Court:

> In order to avail themselves of the doctrine of res ipsa loquitur, plaintiffs must meet the following conditions:
>
> (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence;
>
> (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant;
>
> (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff; and
>
> (4) evidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff. [*Id*., quoting *Woodward v Custer*, 473 Mich 1, 7; 702 NW2d 522 (2005).]

In regard to the first element, "the fact that the injury complained of does not ordinarily occur in the absence of negligence must either be supported by expert testimony or must be within the common understanding of the jury." *Woodward,* 473 Mich at 7 (citation and quotation marks omitted). A lay jury could likely determine that lug nut stems do not *ordinarily* break off a vehicle instantaneously and with no notice, causing a tire and wheel to detach from a moving vehicle, in the absence of negligence. However, although a "plaintiff must establish that the event was of a kind that ordinarily does not occur in the absence of negligence, plaintiff must also produce some evidence of wrongdoing beyond the mere happening of the event." *Pugno*, 326 Mich App at 19-20. Defendant testified that he had not tampered with the lug nuts, tires, or wheels, and he was completely unaware of any problem prior to the accident. Plaintiff produced no evidence to counter defendant's contentions or establish wrongdoing beyond the mere happening of the event. Thus, plaintiff failed to meet his burden in order to avail himself of the doctrine of res ipsa loquitur.

## II. MOTION FOR RECONSIDERATION

"This Court reviews for an abuse of discretion a trial court's ruling on a motion for reconsideration." *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018).

-4-

"[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*.

"MCR 2.119(F)(3) requires the party moving for reconsideration to 'demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.' " *Id*., quoting MCR 2.119(F)(3). "Ordinarily, a trial court has discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). "But the trial court also has the discretion to give a litigant a "second chance" even if the motion for reconsideration presents nothing new." *Id*.

## A. PREMATURE GRANT OF SUMMARY DISPOSITION

Plaintiff argues that the trial court erred in denying his motion for reconsideration because plaintiff presented new evidence to establish that the grant of summary disposition was premature. We disagree.

Defendant's deposition transcript was filed for the first time on reconsideration. Plaintiff argues that statements made by defendant during the deposition could lead to evidence that defendant knew or should have known the tire and wheel were at risk of becoming detached from the Sebring. Specifically, plaintiff relies on defendant's statements that he possessed service records for the Sebring from the previous owner, David Carrill, documenting ordinary maintenance performed, such as oil changes and tire rotations. Plaintiff also relies on defendant's statement that he may have got an oil change while he owned the Sebring, and if he had, it would have been at Kan Rock Tire or Pennzoil in Fenton, Michigan. Plaintiff contends that, if plaintiff had the opportunity to review the service and oil change records, they might reveal that defendant knew or should have known of a problem with his tire and wheel.

Although the deposition transcript was filed with the court for the first time on reconsideration, defendant was deposed two weeks prior to the hearing on defendant's motion for summary disposition. Thus, plaintiff had the ability to raise any arguments regarding defendant's deposition testimony, including his possession of service and oil change records, prior to the court granting summary disposition, but failed to do so. Although defendant argued at the motion hearing that defendant testified consistent with his affidavit, plaintiff did not challenge the accuracy of this statement or introduce the additional information regarding the service and oil change records to which defendant testified. Because these arguments could have been raised prior to the grant of summary disposition, as they were presumably within plaintiff's knowledge, the court did not abuse its discretion by refusing to consider this evidence for the first time on reconsideration. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008) ("We find no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the trial court's original order.") (citation and quotation marks omitted).

Moreover, plaintiff argues that defendant revealed that he still owned the Sebring. Thus, plaintiff implied that this evidence was revealed for the first time during defendant's deposition, and therefore, plaintiff should have the ability to inspect the Sebring. In plaintiff's response to

defendant's motion for summary disposition, which was filed a month before the summary disposition motion hearing, plaintiff stated that summary disposition was premature because he had not yet had the opportunity to inspect defendant's vehicle. Thus, it appears this information was already known to plaintiff before summary disposition was granted. Moreover, because plaintiff already set forth this argument prior to the court granting summary disposition, the argument was implicitly decided and rejected by the trial court in the original order.

Furthermore, the trial court granted summary disposition, rejecting the argument that summary disposition was premature, because plaintiff had failed to submit evidence to create a genuine issue of material fact. On reconsideration, despite attaching defendant's deposition and arguing that further discovery, on the basis of defendant's deposition statements, *could* lead to evidence establishing a question of fact as to whether defendant knew or should have known that there was a problem with the tire and wheel, plaintiff still failed to present any evidence to create a question of fact. Therefore, the trial court did not err in denying plaintiff's motion for reconsideration on the basis that summary disposition was premature.

## B. RES IPSA LOQUITOR

Plaintiff argues that the trial court erred in denying his motion for reconsideration because plaintiff presented sufficient evidence to create a genuine issue of material fact as to whether defendant was negligent under the doctrine of res ipsa loquitur. We disagree.

On reconsideration, plaintiff did not "produce some evidence of wrongdoing beyond the mere happening of the event." *Pugno*, 326 Mich App at 19-20. Plaintiff set forth the same argument as previously presented at the time summary disposition was granted. Thus, this argument had already been ruled on by the trial court. Plaintiff presented no evidence to establish that a palpable err occurred when the court granted summary disposition in regard to whether there was an inference of negligence against defendant.

## C. SPOLIATION OF EVIDENCE

Plaintiff argues that the trial court erred when it failed to reverse its order granting summary disposition and reinstate the case to allow plaintiff to file a motion for sanctions because defendant engaged in spoliation. We disagree.

An issue is properly preserved if it is raised before, addressed by, or decided by the lower court or administrative tribunal. *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). Plaintiff raised, for the first time on reconsideration, the argument that defendant engaged in spoliation of the evidence. "As a general rule an issue is not preserved if it is raised for the first time in a motion for reconsideration in the trial court." *George v Allstate Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 341876); slip op at 4. However, "[t]his Court may review an unpreserved issue if it is an issue of law for which all the relevant facts are available." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513; 773 NW2d 758 (2009).

This Court reviews for an abuse of discretion a trial court's decision whether to sanction a party for spoliation of evidence. *Brenner v Kolk*, 226 Mich App 149, 160; 573 NW2d 65 (1997).

"Ordinarily, a trial court has discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided." *Yoost*, 295 Mich App at 220.

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v Gen Motors Corp*, 271 F3d 583, 590 (CA 4, 2001). "Even when an action has not been commenced and there is only a potential for litigation, the litigant is under a duty to preserve evidence that it knows or reasonably should know is relevant to the action." *Brenner*, 226 Mich App at 162. "[T]he trial court has the authority, derived from its inherent powers, to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation has commenced." *Id*. at 160.

Plaintiff contends that defendant (1) failed to retrieve the tire and wheel after it detached from his vehicle, and (2) defendant discarded the wheel hub assembly after fixing the Sebring. Plaintiff argues that defendant should have known that both were crucial pieces of evidence that could have been inspected to determine whether defendant was negligent. Plaintiff raised this argument for the first time on reconsideration. This was a completely new legal theory that could have been presented to the court prior to the court's grant of summary disposition. This evidence was revealed during defendant's deposition two weeks before the motion hearing, but plaintiff did not raise this argument, and a trial court does not abuse its discretion for refusing to consider new legal theories or facts that could have been pled or *argued* when the motion was initially decided. *Yoost*, 295 Mich App at 220; *Wood*, 277 Mich App at 630. The trial court did not err in denying plaintiff's motion for reconsideration.

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Michael F. Gadola