MEYER *v.* GRAND RAPIDS CHAIR CO.

MASTER AND SERVANT—NEGLIGENCE—EVIDENCE.

>  Where defendant was accustomed to oil various passageways from one portion of its factory to another, so as to slide articles of furniture readily, and it had been customary to oil the surfaces on Saturday night only, and plaintiff, its night watchman, slipped and fell on a quantity of oil that, in some unexplained manner, had been deposited or spilled on the slide or passageway during the week, not on Saturday pursuant to the alleged custom, there was no evidence of negligence or of notice to defendant sufficient to charge it with liability, no testimony being introduced to show how long the oil had been allowed to remain upon the slide.

Error to Kent; McDonald, J.   Submitted April 24, 1914.   (Docket No. 8.)   Decided June 1, 1914.

Case by Joseph Meyer against the Grand Rapids Chair Company for personal injuries.   Judgment for defendant on a directed verdict.   Plaintiff brings error.   Affirmed.

*George Hollway,* for appellant.

*Travis, Merrick & Warner,* for appellee.

KUHN, J.   The plaintiff was the night watchman and night fireman in the furniture factory of the defendant in the city of Grand Rapids.   On the fourth floor of this factory, there were three rooms, known as the "varnishing room," the "filling room," and the "staining room."   The floor of the varnishing room was about 18 inches above that of the filling room, and a slideway of hard maple, four or five feet wide and seven feet long, ran from the level of the varnishing room to the filling room, and was used in sliding furniture from one room to the other, and

the employees passed over it in going between the rooms. There were six similar slideways in the factory, and the floors of the three rooms and the slideways between them were kept oiled in order to facilitate sliding the furniture in the process of manufacture and to keep the dust down while the furniture was being finished. There was a fire wall between the varnishing and filling rooms, and at the doorway, which was at the higher end of the slideway, there was a metal fire door, which, sliding on an inclined track, closed of its own weight. The plaintiff, in the performance of his duties, came down this slide six times every night, and, on Wednesday evening, July 27, 1910, while making his second round at 7:10 p. m., after opening the door from the varnishing room, he took one step on the slide, when his feet slipped from under him and he fell, sustaining injuries, to recover damages for which he brought this action.

The negligence relied upon is that the defendant placed a quantity of grease and oil in and upon this passageway without giving the plaintiff any warning that it had been done, it being claimed that it was the custom of the defendant, in the ordinary management of its business, to oil or grease this slideway every Saturday night, of which custom plaintiff was aware, but that it had never been oiled before this occasion on any night except Saturday night.

At the close of plaintiff's proofs, the defendant moved to direct a verdict of no cause of action, upon three grounds: *First*, that no negligence on the part of the defendant had been shown; *second*, that the undisputed evidence showed the plaintiff to have been guilty of contributory negligence; and, *third*, that the undisputed evidence showed the plaintiff had assumed the risk. The learned trial judge granted the motion because of the last two reasons assigned in the motion. We are of the opinion that he might very prop-

erly have directed the verdict for the first reason assigned, viz., that no negligence on the part of the defendant was proven. The plaintiff's own version as to how the oil came to be there was as follows:

"On the night of the fall the other slides were not oiled, and on this one, the oil was thrown on or spilled on and run down in streaks; it was just as though you took a wet swab and threw it on and let it run down, then there was a streak. It wasn't put on the way it was put on on Saturday. I don't know who put it on. It looked to me as though it had been put on with a swabber, and it looked about the same as it was on Saturday night, except some places through the center there was dry places."

There was no evidence that the defendant knew anything about the oil being there, nor that it had been there for a sufficient length of time to charge the defendant with notice. There is no evidence to show how or by whom the slide was oiled, and no evidence that the defendant placed or caused the oil to be placed on the slide. How it came there is a matter of conjecture. According to plaintiff's testimony, it was not spread over as usual. It was put on at an unusual time and in an unusual manner, and if there is any inference to be drawn from this testimony, it would be that the oil was placed there accidentally. There is no proof in this record from which negligence on the part of the defendant can reasonably be inferred, and hence plaintiff's case must fail. *Toomey* v. *Steel Works*, 89 Mich. 249 (50 N. W. 850), and cases cited. Because of this conclusion, it is unnecessary to pass on the other questions raised by the motion to direct a verdict.

The judgment is affirmed.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.