FULLER *v.* WURZBURG DRY GOODS CO.

NEGLIGENCE—ELEVATOR—MOVING STAIRWAY.

>   Where plaintiff was injured in riding on an escalator and
>   charged that the stairway had a jerky movement which
>   threw her and caused her injury, it was incumbent on
>   her to show that defendant knew or ought to have known
>   of the irregularity in its motion, and without testimony
>   which brought it home to the defendant, she could not
>   recover, in the absence of anything tending to show negli-
>   gent construction or operation.[1]

Error to superior court of Grand Rapids; Dunham, J. Submitted June 13, 1916. (Docket No. 83.) Decided July 21, 1916.

Case by Belle Fuller against the Wurzburg Dry Goods Company for personal injuries. Judgment for defendant on a verdict directed by the court. Plaintiff brings error. Affirmed.

*E. A. Maher,* for appellant.

*Kleinhans, Knappen & Uhl,* for appellee.

KUHN, J. On the 6th day of January, 1914, the defendant had in operation in its store a moving stairway or escalator. Being located in the back part of the store it took patrons from the main floor to the balcony, and was placed between two stationary stairways, and was about two feet wide, with rails on each side to take hold of on making the ascent. It is the claim of the plaintiff that on the aforementioned day, while on the escalator, when she had nearly reached the top, she was thrown by a peculiar motion of the stairway,

---

[1] As to applicability of rule *res ipsa loquitur* as between storekeeper and customer, see notes in 16 L. R. A. (N. S.) 931, 21 L. R. A. (N. S.) 461, and L. R. A. 1915F, 577.

and fell upon her right knee and was injured. She brought suit, and sought to recover damages because of the negligent operation of the stairway by the defendant, which it is alleged caused her to fall. When plaintiff's proofs were submitted the trial judge directed a verdict for the defendant because in his opinion no proof had been offered to show any negligence on the part of the defendant. Plaintiff's counsel urges that the question of defendant's liability should have been submitted to the jury, which presents the only question for our consideration.

Two other witnesses were sworn on the part of the plaintiff, who testified that the escalator had a jerking motion while they were upon it, one fixing the time between Christmas and New Year's in 1913, and the other in February, 1914. It is not claimed that the attention of the defendant or any of its employees was called to these occurrences, or that the defendant had any knowledge thereof. There was no testimony that the defendant knew, or could have known, that any irregularity in motion could or might occur. In effect, the plaintiff relies simply upon the happening of the accident to sustain her claim of negligence on the part of the defendant. That the mere fact of an accident occurring is no evidence of negligence is well established in this State. We have very recently considered this phase of the law in *Elsey* v. *J. L. Hudson Co.,* 189 Mich. 135 (155 N. W. 377, L. R. A. 1916B, 1284), and numerous decisions are there cited.

It is urged, however, that negligence, like any other fact, may be inferred from the circumstances, and the rule announced in *Schoepper* v. *Chemical Co.,* 113 Mich. 582 (71 N. W. 1081), is relied upon. But in making this contention counsel overlooks the fact that before this inference of negligence can be drawn, something more must be shown than the mere happening of the accident. In the case before us there was no

testimony, direct or indirect, as to any negligence in the construction or in the operation of the stairway. We are unable to distinguish the case in principle from *Elsey* v. *J. L. Hudson Co.*, *supra.* See, also, *Meyer* v. *Chair Co.*, 180 Mich. 604 (147 N. W. 488); *Maki* v. *Copper Co.*, 180 Mich. 624 (147 N. W. 533); *Dombrowski* v. *Manufacturing Co.*, 180 Mich. 202 (146 N. W. 666).

Judgment is affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.