*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GLORIA EDWARDS,

        Plaintiff-Appellant,

v

MOTOR CITY THEATRE ORGAN SOCIETY,
INC. and REDFORD THEATRE,

        Defendants-Appellees,

and

JOHN DOE,

        Defendant.

UNPUBLISHED
October 28, 2025
1:43 PM

No. 372085
Wayne Circuit Court
LC No. 23-011364-NO

Before: REDFORD, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

This premises-liability action arises out of injuries that plaintiff allegedly sustained when a letter fell from a marquee sign outside of the Redford Theatre.[1] Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants[2] under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

---

[1] The Redford Theatre is owned and operated by defendant Motor City Theatre Organ Society, Inc., which is a nonprofit 501(c)(3) organization. Accordingly, we will refer to defendants The Redford Theatre and Motor City Theatre Organ Society, Inc., collectively, as the Redford Theatre defendants.

[2] John Doe was never identified or served with the complaint, and no one appeared on his behalf.

-1-

Plaintiff testified that, on September 1, 2022, she parked her car in the Redford Theatre's parking lot with the intention of visiting several stores in the area, including a shoe repair shop, but had no intention of visiting the Redford Theatre.[3] Plaintiff stood on the sidewalk under the Redford Theatre's marquee sign for approximately five minutes waiting to cross the street. While plaintiff was standing on the sidewalk, a letter "A" fell from the marquee sign. Plaintiff claimed that the letter hit her neck and right shoulder, slid down her arm, and landed in the street. The letter scraped and bruised her arm. She estimated that the letter was three to four inches tall and weighed approximately four pounds, but she did not pick up the letter after it fell to the ground. According to plaintiff, it was "a nice day" and it was not windy. However, she stated, "It was a little windy the day before . . . ."

Immediately after the incident, plaintiff walked across the street, took a picture of the marquee, walked back to the theater, took a picture of the letter lying in the street, and then walked to the shoe repair shop. She testified that she told the repair shop's owner about the incident. Afterwards, plaintiff returned to the theatre and knocked on the theatre door. No one answered her knock. She also called a number that she found on the internet for the theatre, but no one answered and there was no voicemail. Plaintiff did not make any further attempts to report the incident to the Redford Theatre. Plaintiff was unable to identify the cause of the letter falling and had no knowledge of the condition of the marquee or the letter before the incident.

One year later, plaintiff commenced this action. Plaintiff maintained that John Doe was acting in the course and scope of his employment with the Redford Theatre defendants when he "unsafely and negligently secured" the letter to the marquee. She asserted negligence claims against all defendants, and claims for premises liability, res ipsa loquitur, and negligent training and supervision against the Redford Theatre defendants. She asserted that the Redford Theatre defendants breached their statutory[4] and common law duties by failing to maintain safe premises, inspect, repair, and warn plaintiff. She alleged that the accident was the type that would not normally occur without negligence. She further asserted that the Redford Theatre defendants failed to train John Doe in the proper manner of securing signage.

Following discovery, the Redford Theatre defendants moved for summary disposition under MCR 2.116(C)(10). The Redford Theatre defendants asserted that plaintiff's claims allegedly arose from a dangerous condition on the premises and therefore sounded in premises liability only. The Redford Theatre defendants argued that they did not owe a duty to inspect or to affirmatively make the premises safe for plaintiff, who was a licensee. Rather, the Redford Theatre defendants asserted that they only owed plaintiff a duty to warn of hidden dangers that they knew or should have known of. The Redford Theatre defendants maintained that there was

---

[3] The Redford Theatre was not open for business at the time of the incident.

[4] Plaintiff alleged the Redford defendants violated MCL 554.139, which imposes covenants and duties on landlords who lease their property to residential tenants. "MCL 554.139 states in relevant part: (1) In every lease or license of residential premises, the lessor or licensor covenants: (a) That the premises and all common areas are fit for the use intended by the parties." *Gabrielson v Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364809); slip op at 15.

no evidence of how the letter fell from the sign or that they had actual or constructive knowledge that any dangerous condition existed. The Redford Theatre defendants further argued that the doctrine of res ipsa loquitur was not an independent cause of action. Notwithstanding, they asserted that the doctrine was inapplicable in this case because there was no evidence of wrongdoing beyond the mere happening of the event. Finally, the Redford Theatre defendants argued that there was no evidence of negligent supervision or training of any employee.

In response, plaintiff denied that her claim sounded only in premises liability, asserting the Redford Theatre defendants were negligent in maintaining the marquee. Plaintiff maintained that the Redford Theatre defendants had a duty to exercise ordinary care to maintain its premises in a reasonably safe condition to prevent injury to persons traveling on the adjacent sidewalk, like plaintiff, and breached that duty. She further argued that she was able to establish a reasonable inference that her injuries were caused by defendants' negligent conduct and thus the doctrine of res ipsa loquitur was applicable. In support of her claims, plaintiff relied on her deposition testimony, a photograph of the letter that fell, a photograph of the marquee, and her medical records. Finally, plaintiff requested leave to amend her complaint under MCR 2.116(I)(5) to include a claim for public nuisance, "which requires building owners to maintain their property so that it is safe for persons traveling along the adjacent public street." Plaintiff did not raise any factual or legal arguments in response to the Redford Theatre defendants' arguments regarding her negligent hiring and supervision claim.

At the motion hearing, the trial court concluded:

The conduct at issue here is the placement of letters on the marquee. In other words, the defendant's alleged conduct creates the alleged unsafe condition on the land, and that sounds on premises liability.

The Court, therefore, finds that there is no evidence of any conduct on the defendant's part that would allow a negligence claim to proceed alongside the premises liability claim. Therefore, this Court dismisses count one of the complaint.

* * *

A thorough review of the plaintiff's deposition does not reveal any evidence that the theater had actual notice of any dangerous condition, even constructive notice, which is defined as the hazard of being of such character, or had existed for a sufficient time that a reasonable possessor would have discovered it.

This Court finds, therefore, that there is no evidence to support plaintiff's claim under premises liability theory. Plaintiff has come forward with no evidence to refute the analysis in the defendant's motion. So the defendant's motion as to count 2 is granted.

As to count 3; res ipsa loquitur. This Court again agrees with the defendant that while the plaintiff asserts that the signs and letters were in the exclusive control of the defendant, there is no record evidence to support that. There is no deposition

-3-

testimony or other admissible evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. That is the case of Skinner . . . versus Square D[,] 445 Mich 153 (1994).

There is no record evidence that the letters were in the exclusive control of the defendant. There is no record evidence that the true explanation for this event must be more readily accessible to the defendant than to the plaintiff. Plaintiff has the burden of establishing that the event was of a kind that ordinarily does not occur . . . in the absence of negligence, and must also produce some evidence of wrongdoing beyond the mere happening of the event. And that is the case of Pugno . . . versus Blue Harvest Farms, 326 Mich App. 1 (2018). The defendant's motion, therefore, as to count 3 is granted.

As to count four; negligence training, or supervision, this is a count for which the Court can find no supporting evidence at all. This Court agrees with the defendant that there is no record evidence of training or supervision of anyone. Indeed, that employee has not even been identified. A plaintiff cannot simply throw out a theory into space and expect a Court to divine the basis for the claim. The motion for summary disposition on count 4 is granted.

\* \* \*

[A]n amendment to add account [sic] of public nuisance would be futile. This Court agrees with the defendant that her injuries did not arise out of conduct, but rather as a condition on the land. She would also not be able to establish that she suffered a type of harm different from that of the general public.

The defendant is correct that the alleged harm from a falling marquee letter is the same for any member of the public as it is for the plaintiff. The condition did not significantly interfere with public health, safety, or peace, nor did it have a significant effect on public rights. The condition was also not one of a continuing nature, but rather was a one-time event. This Court, therefore, denies plaintiff's motion to amend her complaint to alleged [sic] public nuisance. So the motion for summary disposition as to all 4 counts is granted. And the motion to amend to add account [sic] of public nuisance is denied.

The trial court entered an order granting summary disposition in favor of the Redford Theatre defendants and denying plaintiff's request for leave to amend her complaint for the reasons stated on the record. This appeal followed.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or

partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition under MCR 2.116(C)(10), a court must consider the evidence submitted by the parties in the light most favorable to the nonmoving party. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up).

Additionally, whether the doctrine of res ipsa loquitur is applicable to a particular case is a question of law. *Pugno v Blue Harvest Farms, LLC*, 326 Mich App 1, 19; 930 NW2d 393 (2018).

### III.  PREMISES LIABILITY

Plaintiff argues that she has properly asserted separate claims for negligence and premises liability, the Redford Theatre defendants owed plaintiff a duty to sufficiently maintain the marquee to ensure that its letters would not fall on pedestrians, and the doctrine of res ipsa loquitur is applicable. We disagree.

Plaintiff's claim clearly sounds in premises liability. "It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710–711; 742 NW2d 399 (2007). "Courts are not bound by the labels that parties attach to their claims because this would exalt form over substance[.]" *Brendel v Morris*, 345 Mich App 138, 149; 4 NW3d 776 (2023) (cleaned up). "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Serv*, 296 Mich App 685, 692; 822 NW2d 254 (2012), overruled in part on other grounds by *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023). In a premises-liability case, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id*. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*. In this case, plaintiff asserts that her injuries arose from an allegedly dangerous condition on the land—a letter that dislodged from the marquee—and claims that the Redford Theatre defendants were negligent in maintaining the marquee. The trial court did not err by concluding that plaintiff's claim is one of premises liability rather than ordinary negligence.

"All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed*, 512 Mich at 110. In premises-liability actions, the duty owed by a defendant depends on whether the plaintiff is classified as a trespasser, licensee, or invitee. *Id*. at 111. In this case, plaintiff was a licensee. Our Supreme Court has explained. " 'A "licensee" is a person who is privileged to enter the land of another by virtue of the possessor's consent.' " *Janini v Londown Townhouses Condo Ass'n*, 514 Mich 86, 98; 22 NW3d 24 (2024), quoting *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). " 'A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved.' " *Janini*, 514 Mich at 98, quoting *Stitt*, 462 Mich at 596. "The law imposes no additional 'duty of inspection or affirmative care to make the premises safe for the licensee's visit.' " *Janini*, 514 Mich at 98, quoting *Stitt*, 462 Mich at 596.

In asserting that that the trial court erred and that the Redford Theatre defendants are liable, plaintiff relies on M Civ JI 19.09, which states:

> A possessor of [land / premises / a place of business] has a duty to exercise ordinary care in maintaining [his / her] premises in a reasonably safe condition in order to prevent injury to persons traveling along an adjacent [street / or / sidewalk / or other / public way].

In *Oppenheim v Pitcairn*, 293 Mich 475, 477–478; 292 NW 374 (1940), our Supreme Court stated:

> Where the charge of negligence is the failure to maintain the premises in a reasonably safe condition, we have always insisted upon proof that the unsafe condition was known to the one on whom the duty rested, or that the character of the danger or the passage of time was such that knowledge of the menace should have come to the reasonably prudent incumbent.

Thus, defendants had to know, either actually or constructively, of the danger.

Plaintiff simply states, "[T]he condition of the marquee was responsible for the letter 'A' falling on Plaintiff. There is no need to further explain or document the negligence leading to the loose marquee that led to the falling 'A' and Plaintiff's injury." Plaintiff has not provided any evidence regarding the marquee's "condition" to establish a genuine issue of material fact whether it was dangerous. She also failed to present any evidence that the Redford Theatre defendants knew or should have known of the alleged hidden danger. Instead, plaintiff suggests that the Redford Theatre defendants were negligent simply because the letter fell. The Redford Theatre defendants owed no additional duty to inspect for hazards. *Janini*, 514 Mich at 98. As the nonmoving party, plaintiff was obligated to present documentary evidence and provide specific facts showing that a genuine issue of material fact exists. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). "[C]onjecture and speculation are insufficient to defeat a motion for summary disposition[.]" *Cleveland v Hath*, __ Mich App __, __; __NW3d __ (2024) (Docket No. 363321); slip op at 8. Consequently, we conclude that the trial court did not err by granting summary disposition in favor of the Redford Theatre defendants because plaintiff failed to raise a genuine issue of material fact.

We also find no merit in plaintiff's argument that she can invoke the doctrine of res ipsa loquitur. This doctrine "[i]s not an independent cause of action." *Pugno*, 326 Mich App at 19. It is a rebuttable presumption or inference that a defendant was negligent that arises upon proof that the instrumentality causing a plaintiff's injuries was in the defendant's exclusive control, and that the accident was one which ordinarily does not happen in absence of negligence. *Woodard v Custer*, 473 Mich 1, 6 n 2; 702 NW2d 522 (2005), quoting Black's Law Dictionary (6th ed); see also, *Jones v Porretta*, 428 Mich 132, 150-151; 405 NW2d 863 (1987). Our Supreme Court has provided the following conditions that must be met in order for a plaintiff to avail herself of the doctrine of res ipsa loquitor:

> (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence;

(2) it must be caused by an agency or instrumentality within the exclusive control of the defendant;

(3) it must not have been due to any voluntary action or contribution on the part of the plaintiff; and

(4) evidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff. [*Woodard*, 473 Mich at 7 (cleaned up).]

But "before this inference of negligence can be drawn, something more must be shown than the mere happening of the accident." *Fuller v Wurzburg Dry Goods Co*, 192 Mich 447, 448; 158 NW 1026 (1916).

Plaintiff has not presented any evidence of the Redford Theatre defendants' negligence. She must produce *some* evidence of wrongdoing beyond the mere happening of the event. *Id*. In *Fuller*, the plaintiff fell while riding up an escalator in the defendant's store. The plaintiff maintained that a "peculiar motion" of the escalator threw her down. *Id*. at 447-448. Two witnesses testified that the escalator had a "jerking motion" on two prior occasions while they were riding it. *Id*. at 448. But there was no evidence that the defendant knew or could have known about the prior incidents. *Id*. Because no proof had been offered to show that the defendant was negligent in the construction or operation of the escalator, our Supreme Court held that an inference of negligence was not justified. *Id*. at 448-449. Likewise, plaintiff has failed to demonstrate how the Redford Theatre defendants were negligent. While the Redford Theatre defendants had control over the marquee, there is no evidence to suggest that their negligence caused the letter to fall from the marquee. Accordingly, the trial court did not err by concluding that the doctrine of res ipsa loquitur is not applicable.

Finally, plaintiff makes no arguments regarding her negligent training and supervision claim, her claim for negligence against John Doe, or the trial court's denial of her request for leave to amend her complaint to add a nuisance claim. Accordingly, we consider these issues abandoned. See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Sima G. Patel